UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: **07-22216-CIV-SEITZ/MCALILEY**

**(Jury Trial Demanded)**

TRACFONE WIRELESS, INC., a
Florida corporation,

      Plaintiff,

v.

SHAKEEL CHOTHAI, individually and d/b/a
Chothai Trading; PLANET CELLULAR, INC.,
a California corporation; JOHN DOES 1 – 50; and
XYZ COMPANIES 1-50,

      Defendants.

_____/

FILED by _____ **JC** ____ D.C.
ELECTRONIC

**August 23 2007**

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Plaintiff, TracFone Wireless, Inc., a Florida corporation ("TracFone"), sues Defendants,

SHAKEEL CHOTHAI, individually and d/b/a Chothai Trading; PLANET CELLULAR, INC., a

California corporation; JOHN DOES 1-50 and XYZ COMPANIES 1-50 (collectively

"Defendants"), and states:

### INTRODUCTION AND BACKGROUND

1.    This is an action for damages and injunctive relief arising out of Defendants'

unlawful business enterprises that willfully infringe on TracFone's incontestable trademarks,

copyrights and other rights related to TracFone's prepaid wireless service, NET10 prepaid

wireless service ("NET10") and TracFone/NET10's specially manufactured wireless telephones

designed for use exclusively in the United States, Puerto Rico, and U.S. Virgin Islands with

TracFone/NET10's prepaid wireless service ("TracFone/NET10 Prepaid Phones" or "Phones").

2.      As set forth in greater detail below, Defendants are engaged in, and knowingly facilitate and encourage others to engage in, unlawful business practices involving the unauthorized and unlawful bulk purchase and resale TracFone/NET10 Prepaid Phones, unauthorized and unlawful computer unlocking or reflashing of TracFone/NET10 Prepaid Phones, alteration of TracFone's copyrighted and proprietary software computer code installed in the Phones, and trafficking of the Phones for profit (the "Bulk Resale Scheme").

3.      Defendants perpetrate their Bulk Resale Scheme by acquiring bulk quantities of TracFone/NET10 Prepaid Phones from internet sites and retail stores such as Wal-Mart, Target or Sam's Club, and by soliciting others ("Runners") to purchase TracFone/NET10 Prepaid Phones in bulk for the benefit of Defendants. Defendants then remove the TracFone/NET10 Prepaid Phones' original packaging and ship them overseas.

4.      Defendants acquire the TracFone/NET10 Prepaid Phones with the knowledge and intent that the Phones will not be activated for use on the TracFone/NET10 prepaid wireless networks. Instead, the Phones are computer-hacked. The purpose of this hacking, known as "reflashing" or "unlocking," is to erase, remove and/or disable TracFone's copyrighted and proprietary software installed in the Phones, which enables the use of the TracFone/NET10 Prepaid Phones exclusively on TracFone's prepaid wireless system. The reflashed Phones are then trafficked and resold, at a premium, as new, under TracFone's trademarks. Defendants are not, and have never been, authorized retailers or distributors of TracFone or Net10 products.

5.      In an effort to prevent these unlawful business practices, TracFone retailers have implemented policies limiting the number of TracFone/NET10 Prepaid Phones an individual may purchase on a daily basis. Defendants hire Runners and take other steps to circumvent these policies in perpetrating their Bulk Resale Scheme.

6.      Defendants' conduct, together with that of currently unknown civil and criminal co-conspirators, is causing TracFone to suffer millions of dollars in losses and has caused immediate and irreparable injury to TracFone.

7.      All conditions precedent to filing this action have been performed, waived or excused.

8.      TracFone has retained the undersigned attorneys to represent it in this action and has agreed to pay its attorneys a reasonable fee for their services.

## PARTIES, JURISDICTION AND VENUE

9.      This is an action for damages in excess of $75,000.00, exclusive of interest, costs, and attorneys' fees.

10.     TracFone is a Florida corporation, with its principal place of business in Medley, Florida.

11.     Shakeel Chothai ("Chothai") is an individual who, upon information and belief, is a resident of the State of California.

12.     Chothai has conducted business, and continues to conduct business, in the State of Florida in his individual capacity and under the fictitious name Chothai Trading.

13.     Chothai has purchased thousands of TracFone/NET10 Prepaid Phones from at least one individual in Florida.

14.     Chothai maintains his principal place of business in California and also conducts business in the States of California and Texas.

15.     Defendant, Planet Cellular, Inc. ("Planet Cellular") is a California corporation that conducts business in the State of Florida.  Planet Cellular maintains offices in and/or has also conducted business in the States of California and Texas.

16.     Planet Cellular maintains an office and/or agents in the State of Florida.

17.     Upon information and belief, Chothai is the principal of Planet Cellular.

18.     Upon information and belief, yet to be identified John Does and Jane Does 1-50 are present and/or doing business in Florida, California, Texas, Kansas and/or Missouri, and are subject to the jurisdiction of this Court.  The identities of the various John and Jane Doe defendants are not presently known and the Complaint herein will be amended to include the name or names of these individuals when such information becomes available.

19.     Upon information and belief, the XYZ Companies, 1-50, through their agents, servants, and employees are present and/or doing business in Florida, California, Texas, Kansas and/or Missouri and are, or shall be, subject to the jurisdiction of this Court.  The identities of such defendants are not presently known and the Complaint herein will be amended to include the names of the actual defendants when such information becomes available.

20.     Jurisdiction in this Court is proper pursuant to 28 U.S.C. §§ 1331, 1332, 1338, and 17 U.S.C. § 1203 because TracFone's claims for violations of the United States Copyright Act, 17 U.S.C. § 501, and United States Trademark Act, 15 U.S.C. § 1051 *et seq.*, arise under federal law, and because TracFone and Defendants are of diverse citizenship and the amount in controversy exceeds $75,000, exclusive of interest, fees and costs.  This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over TracFone's state law claims because those claims are so related to the federal claims that they form part of the same case or controversy.

21.     The Defendants are subject to the personal jurisdiction of this Court pursuant to § 48.193(1)(a), Fla. Stat., because the Defendants have conducted, engaged in and carried out a business venture in the State of Florida.  The Defendants are also subject to the personal jurisdiction of this Court pursuant to § 48.193(1)(b), Fla. Stat., because the Defendants have

committed tortious acts within this State. The Defendants are also subject to the personal jurisdiction of this Court pursuant to § 48.193(1)(f)1 because the Defendants have caused injury to persons within this State arising out of an act or omission by the Defendants outside of this State while the defendant was engaged in solicitation or service activities within this State. Finally, Defendants are subject to the personal jurisdiction of this Court pursuant to § 48.193(1)(g) because the Defendants breached a contract in this State by failing to perform acts required by the contract to be performed in this State.

22.     The Defendants are also subject to this Court's personal jurisdiction pursuant to § 48.193(2), Fla. Stat., because the Defendants are engaged in substantial and not isolated activity within this State.

23.     Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. § 1391(b) and 1400 because TracFone maintains its principal place of business in this District, the impact of Defendants' misconduct occurred in this District, a significant part of Defendants' misconduct occurred in this District, and the Defendants are subject to personal jurisdiction in this District.

## TRACFONE'S BUSINESS MODEL

24.     TracFone is the largest provider of prepaid wireless telephone service in the United States, and markets its service under both the TracFone and Net10 brands. TracFone's service enables its customers to prepay for their wireless service by purchasing TracFone airtime cards and specially manufactured wireless Phones. Customers load airtime into their TracFone/NET10 Prepaid Phones using codes generated from PIN numbers found on the airtime cards, or via TracFone's website. TracFone/NET10 Prepaid Phones and airtime cards are sold through major national retailers such as Wal-Mart, Target, and Sam's Club.

25. TracFone is considered a "Mobile Virtual Network Operator" or "MVNO" in the wireless industry. The company is not a facilities-based wireless provider like AT&T, Verizon, T-Mobile or Sprint/Nextel. Rather, TracFone contracts with facilities-based wireless providers to purchase airtime on their networks for use by TracFone's customers.

26. TracFone's business model is based upon TracFone's ability to deliver an affordable product to its consumers. Therefore, TracFone subsidizes its customers' acquisition of the TracFone/NET10 Prepaid Phones by selling its Phones for substantially less than the Phones cost TracFone. TracFone recoups this subsidy through profits earned on the sale of the TracFone prepaid airtime cards that are required to make and receive calls on the TracFone/NET10 Prepaid Phones. TracFone is able to offer its Phones at affordable prices only if the Phones are used as intended on the TracFone prepaid wireless network.

27. Manufacturers that produce wireless phones for TracFone install special proprietary prepaid software, developed and owned by TracFone ("TracFone Prepaid Software"), into the TracFone/NET10 Prepaid Phones. The TracFone Prepaid Software prevents TracFone/NET10 Prepaid Phones from being used without loading airtime minutes from a TracFone prepaid airtime card.

## TRACFONE'S FEDERALLY PROTECTED RIGHTS

28. TracFone is one of the oldest and leading providers of prepaid wireless telecommunications services in the United States. TracFone has used, and continues to use, trademarks in commerce including the marks TracFone and NET10. In particular, TracFone owns and has also used the registered trademarks identified below:

a. Incontestable United States Trademark Registration No. 2,114,692 for TracFone, used in connection with: (1) electronic communications equipment, namely, cellular

telephones, prepaid airtime cellular telephones and cellular telephone accessories, namely, prepaid airtime debit cards, battery chargers, stands, antennae, voice amplifiers and microphones; computer programs for use in controlling and monitoring prepaid airtime cellular telephone service, in International Class 9; (2) providing cellular telephone services and providing monitoring and control services for use in conjunction with prepaid airtime cellular phones and debit cards, in International Class 38; and (3) wholesale distributorship featuring cellular telephones, prepaid airtime cellular telephones and prepaid airtime debit cards, and software for controlling and monitoring prepaid airtime cellular service, in International Class 42, issued on November 18, 1997 and based on a first use date of June 30, 1996;

b.   United States Trademark Registration No. 2,761,017 for TracFone and Design, used in connection with: (1) electronic communications equipment, namely, cellular telephones; prepaid air time cellular telephones; cellular telephone accessories, namely, battery chargers, stands, antennae, headset kits comprised of hands free electronic earpiece with microphone and holster, hands free headsets, cases with flaps, power adapters, batteries, carry sleeves, face plates, belt clips, holsters, mounting attachments, in International Class 9; (2) on-line retail store services featuring cellular telephones, pre-paid wireless air time cards, cellular telephone accessories and wireless services, in International Class 35; and (3) providing cellular telephone services and providing monitoring and control services for use in conjunction with prepaid air time cellular phones and debit cards, in International Class 38, issued on September 9, 2003 and based on a first use date of December 2000;

c.  United States Trademark Registration No. 3,224,929 for TracFone Nationwide Prepaid Wireless and Design, used in connection with electronic communications equipment, namely, cellular telephones; prepaid air time cellular telephones; cellular telephone accessories, namely, battery chargers, stands, antennae, headset kits comprised of hands free electronic earpiece with microphone and holster, hands free headsets, cases with flaps, power adapters, batteries, carry sleeves, face plates, belt clips, holsters, mounting attachments, in International Class 9, issued on April 3, 2007 and based on a first use date of December 31, 2005;

d.  United States Trademark Registration No. 3,222,623 for TracFone Nationwide Prepaid Wireless and Design, used in connection with distributorship services featuring cellular telephones, prepaid air time cellular telephone and prepaid air time debit cards, and software for controlling and monitoring prepaid air time cellular service, in International Class 35, issued on March 27, 2007 and based on a first use date of December 31, 2005;

e.  United States Trademark Registration No. 3,118,250 for NET10, used in connection with: (1) monitoring the use of debit cards, in International Class 36; and (2) providing monitoring and control services for use in conjunction with prepaid air time cellular and mobile phones, in International Class 38, issued on July 18, 2006 and based on a first use date of March 1, 2005;

f.  United States Trademark Registration No. 3,255,754 for NET10 Pay As You Go Made Simple and Design, used in connection with cellular telephone communications services provided via prepaid air time cellular telephones and prepaid air time cellular

calling card services, in International Class 38, issued on June 26, 2007 and based on a first use date of December 31, 2005;

g.   United States Trademark Registration No. 3,253,506 for NET10 Pay As You Go Made Simple and Design, used in connection with electronic communications equipment, namely, cellular telephones; prepaid air time cellular telephones; cellular telephone accessories, namely, telephone battery chargers, telephone battery charger stands, telephone antennae, headset kits comprised of hands free electronic earpiece with microphone and holster specially adapted for cellphones, hands free headsets comprising headphones and a microphone, cases with flaps specially adapted for cellphones, power adapters, batteries, carry sleeves specially adapted for cellphones, decorative cellphone face plates, belt clips, holsters, and mounting attachments specially adapted for carrying cellphones, in International Class 9, issued on June 19, 2007 and based on a first use date of December 31, 2005;

h.   United States Trademark Registration No. 3,251,389 for NET10 Pay As You Go Made Simple and Design, used in connection with distributorship services featuring cellular telephones, prepaid air time cellular telephones and prepaid air time debit cards, and software for controlling and monitoring prepaid air time cellular service, in International Class 35, issued on June 12, 2007 and based on a first use date of December 31, 2005; and

29.   TracFone's aforementioned marks (the "Marks") constitute the lawful, valued, subsisting and exclusive property of TracFone, and as a result of the high quality of TracFone's products, services, sales, promotion and advertising thereof, the marks have become an intrinsic and essential part of the valuable goodwill and property of TracFone, and are well known and

established to customers and the trade as symbols identifying and distinguishing TracFone's products and services, and signifying distinctive services of exceptional quality.   True and correct copies of the certificates of registration issued by the United States Patent and Trademark Office for the Marks are attached as **Composite Exhibit A**.

30.    TracFone also holds a valid copyright registration, TX 6-515-894, on the TracFone Prepaid Software.  A true and correct copy of the certificate of registration is attached as **Exhibit B**.

**TERMS AND CONDITIONS REGARDING THE
USE OF TRACFONE/NET 10 PREPAID PHONES**

31.    TracFone/NET10 Prepaid Phones are sold subject to terms and conditions ("Terms and Conditions") which conspicuously restrict and limit the sale and use of the Phones. These Terms and Conditions are set forth in printed inserts that are included in the packaging with every TracFone Phone, and are also available to the public on TracFone's website.  They are also referenced in printed warnings that are placed on the outside of the retail packaging of the Phones. The Terms and Conditions and language on the packaging constitute a valid binding contract.

32.    The retail packaging in which new TracFone/NET10 Prepaid Phones are sold contains the following language that is conspicuously printed in all capital letters in a red banner on the outside of the package for TracFone handsets:

> THIS TRACFONE HANDSET IS SOLD EXCLUSIVELY FOR USE WITH TRACFONE PREPAID WIRELESS SERVICE.   YOU AGREE NOT TO TAMPER WITH OR ALTER THE SOFTWARE OR HARDWARE IN THIS PHONE, OR ASSIST OTHERS IN SUCH ACTS, OR TO EXPORT TRACFONE HANDSETS OUTSIDE OF THE UNITED STATES.   THESE ACTS VIOLATE TRACFONE'S RIGHTS AND COULD VIOLATE STATE AND FEDERAL LAWS. TRACFONE WILL PROSECUTE VIOLATORS TO THE FULL EXTENT OF THE LAW.  BY PURCHASING OR OPENING THIS

PACKAGE, YOU ARE AGREEING TO THESE TERMS AND THE TERMS AND CONDITIONS OF SERVICE IN THE ENCLOSED USER GUIDE (AND AVAILABLE AT WWW.TRACFONE.COM).

NET10 handsets have similar language on the packaging, also on a red background in bold letters, as follows:

**This NET10 handset is sold exclusively for use with NET10 prepaid wireless service. By purchasing or opening this package, you are agreeing to these terms and the terms and conditions of service enclosed (and available at www.net10.com). You agree not to tamper with or alter the software or hardware in this phone, or assist others in such acts, or to export NET10 handsets outside of the United States. These acts violate TracFone's rights and could violate state and federal laws. TracFone will prosecute violators to the full extent of the law.**

33.    The Terms and Conditions included in the TracFone handset packaging also provide, in pertinent part, as follows:

**UNAUTHORIZED USAGE.** The TRACFONE handset is sold exclusively for use with the TRACFONE prepaid wireless Service. You agree not to tamper with or alter your TRACFONE or its software, enter unauthorized PIN numbers, engage in any other unauthorized or illegal use of your TRACFONE or the Service, or assist others in such acts, or to export TRACFONE handsets outside of the United States. Improper, illegal or unauthorized use of your TRACFONE may result in immediate discontinuance of Service. These acts violate TRACFONE's rights and could violate state and federal laws. TRACFONE will prosecute violators to the full extent of the law.

Similarly, the Terms and Conditions that are included in the packaging for the NET10 handsets provide, in pertinent part, as follows:

**UNAUTHORIZED USAGE**
The NET10 handset is sold exclusively for use with the NET10 Prepaid Wireless Service. You agree not to tamper with or alter your NET10 or its software, enter unauthorized PIN numbers, engage in any other unauthorized or illegal use of your NET10 or the Service, or assist others in such acts, or export NET10 handsets outside of the United States. Improper, illegal or unauthorized use of your NET10 may result in immediate discontinuance of Service. These acts violate NET10's rights and could violate state and federal laws. NET10 will prosecute violators to the full extent of the law.

34.     The restrictions and limitations in the Terms and Conditions and on the packaging are intended to restrict the use of TracFone/NET10 Prepaid Phones solely to TracFone's wireless virtual prepaid network.

35.     TracFone/NET10 Prepaid Phones may access TracFone's wireless virtual prepaid network only within the United States, the U.S. Virgin Islands and Puerto Rico (the "Coverage Area").

36.     TracFone/NET10 Prepaid Phones cannot access TracFone's network outside of the Coverage Area unless the TracFone Prepaid Software is unlawfully removed.

### DEFENDANTS' MISCONDUCT

37.     TracFone has discovered that, although large quantities of its Phones are being purchased at retailers throughout the United States, a significant number of these Phones are not being activated for use on the TracFone network.

38.     Instead, entities and individuals such as Defendants are purchasing and selling TracFone/NET10 Prepaid Phones in bulk quantities for use outside of the TracFone network. The Phones are taken out of their original packaging, shipped overseas, "unlocked" or "reflashed", and sold. Defendants' actions are not for the sole purpose of lawfully connecting to a wireless telephone communication network.

39.     The process of reflashing TracFone/NET10 Prepaid Phones involves circumventing the electronic protections installed in the handset, and then erasing, removing and/or disabling the TracFone Prepaid Software.

40.     Once a TracFone Prepaid Phone has been unlocked or reflashed, it is no longer operable within TracFone's prepaid wireless virtual network, and could be further modified so as

to become operable on other cellular networks.  Once this occurs, TracFone no longer has a revenue source to recoup the invested subsidy on that Phone.

41.     Defendants are knowingly and willfully engaged in an enterprise that traffics in and resells reflashed TracFone/NET10 Prepaid Phones, or TracFone/NET10 Prepaid Phones that they know, or reasonably should know, will be subsequently reflashed and resold under the Marks as new for a substantial profit.

42.     Unless unlocked and reflashed, the TracFone/NET10 Prepaid Phones are inoperable as wireless telecommunications devices outside the Coverage Area.

43.     The Coverage Area is plainly disclosed in TracFone's packaging and in the Terms and Conditions.  There would be no reason to ship TracFone/NET10 Prepaid Phones overseas unless they were intended to be unlawfully unlocked and reflashed.

44.     Defendants have purchased or sold large quantities of TracFone/NET10 Prepaid Phones from various co-conspirators.  Defendants also have actively solicited others to purchase large quantities of TracFone/NET10 Prepaid Phones from Wal-Mart, Sam's Club and other retailers, and to sell those phones to Defendants.

45.     Defendants and their co-conspirators are directly, or are knowingly facilitating others who are, bulk purchasing TracFone/NET10 Prepaid Phones at retail stores or online, reflashing or altering TracFone's Prepaid Software in the Phones, improperly repackaging the Phones under the Marks, and trafficking and reselling the reflashed, counterfeit and repackaged Phones to end consumers or to co-conspirators who sell the Phones to end consumers for profit. Defendants are bulk selling and shipping TracFone/NET10 Prepaid Phones overseas to currently unknown co-conspirators for profit with the intent and knowledge that the Phones are, or will be, reflashed.

## SUBSTANTIAL HARM CAUSED BY DEFENDANTS' MISCONDUCT

46.     Defendants' actions substantially harm TracFone by depriving TracFone of the opportunity to recoup its losses on the sale of its TracFone/NET10 Prepaid Phones and to earn profits by providing wireless service to legitimate TracFone consumers.

47.     Because the Defendants remove the Phones from their original packaging and/or ship the Phones outside the United States, they do not carry TracFone's manufacturer's warranty. Accordingly, TracFone/NET10 Prepaid Phones differ materially from the genuine TracFone/NET10 Prepaid Phones sold by authorized TracFone retailers, all of which carry a manufacturer's warranty.

48.     In addition, removing the Phones from the original packaging and altering the software irreparably harms TracFone because it deprives TracFone of the means to control the quality of its product.

49.     The conduct of Defendants, their unknown co-conspirators, and others who engage in the unlawful bulk purchasing, reflashing, and sale of reflashed and altered TracFone/NET10 Prepaid Phones has also resulted in a shortage of available TracFone/NET10 Prepaid Phones, thereby substantially harming TracFone and its relationship with retailers and consumers because TracFone is not able to supply retailers with sufficient handsets to satisfy the demand from legitimate consumers.  As a result, TracFone is losing potential consumers to other wireless competitors.

50.     Defendants' actions substantially harm TracFone and consumers who ultimately purchase TracFone handsets that have been improperly reflashed.    These reflashed TracFone/NET10 Prepaid Phones will not work as intended.  Consumers of these reflashed

phones are unable to access TracFone's prepaid wireless service. Consumers of the reflashed phones are misled as to the source, sponsorship and origin of their reflashed wireless phone.

51.     The process of reflashing or unlocking a TracFone Prepaid Phone voids the manufacturer's warranty on the device. In addition, the sale of a TracFone Prepaid Phone outside of the United States also voids the manufacturer's warranty. Both consumers and TracFone are harmed when a TracFone Prepaid Phone that has been altered or sold outside of this country by Defendants or their co-conspirators is submitted for warranty repair. Because the warranty is voided on reflashed phones or phones sold abroad, consumers who purchase phones from Defendants or their co-conspirators are unable to obtain warranty service in the event they experience problems with their phones. As a result, TracFone's reputation suffers further.

52.     Defendants' conduct has also resulted in the dilution of TracFone's trademarks, substantial harm to TracFone's business reputation and goodwill and a greater likelihood of confusion, mistake and deception as to the source of origin of TracFone products unlawfully sold by the Defendants and as to the relationship between TracFone and Defendants.

## CIVIL PROCEEDINGS IN OTHER FEDERAL COURTS

53.     Federal courts have recognized that conduct similar or identical to Defendants' violates existing civil laws.

54.     TracFone and Nokia Corporation ("Nokia") have filed various independent lawsuits in the United States District Courts for the Southern District of Florida, the Middle District of Florida, the Northern District of Texas and the Southern District of Texas against other defendants similarly engaged in the practice of defrauding legitimate consumers, TracFone and Nokia, by bulk purchasing prepaid wireless telephones and reflashing, repackaging, and reselling the counterfeit prepaid wireless phones for profit.

55.     TracFone and Nokia have obtained Final Judgments and Permanent Injunctions in these cases, copies of which are attached hereto as **Composite Exhibit C.**

**COUNT ONE**
**BREACH OF CONTRACT**

TracFone reasserts the allegations set forth in paragraphs 1 through 52 above, as though fully set forth herein.

56.     By purchasing TracFone/NET10 Prepaid Phones, Defendants acknowledged and agreed to the Terms and Conditions included with each Phone as conspicuously printed on the package and as contained in the printed inserts packaged with the Phones.

57.     The Terms and Conditions constitute a valid binding contract between TracFone and Defendants.

58.     TracFone has performed or tendered performance in accordance therewith.

59.     Defendants have breached the Terms and Conditions by, *inter alia,* purchasing TracFone/NET10 Prepaid Phones with the specific intent to reflash or unlock the phones or ship the phones outside of the United States.

60.     TracFone has suffered damages as a result of Defendants' breach of the Terms and Conditions.

**COUNT TWO**
**FEDERAL TRADEMARK INFRINGEMENT**

TracFone reasserts the allegations set forth in paragraphs 1 through 52 above, as though fully set forth herein.

61.     Defendants' and/or their co-conspirator's aforementioned conduct constitutes use of the Marks without authorization in connection with their conspiracy to sell and offer for sale

reflashed and counterfeit TracFone/NET10 Prepaid Phones, which downstream customers will discover are not capable for use with the TracFone prepaid wireless service.

62.    Defendants' and/or their co-conspirator's use of the Marks in connection with the sale of reflashed and counterfeit TracFone Phones has caused, and will further cause, a likelihood of confusion, mistake and deception as to the source of origin of Defendants' counterfeit products, and the relationship between TracFone and Defendants.

63.    Defendants' and/or their co-conspirator's unauthorized use of the Marks is likely to continue in the future, all to the great and irreparable damage to the business, reputation and goodwill of TracFone.

64.    Defendants' and/or their co-conspirator's use and sale of the Marks in connection with the reflashed and counterfeit TracFone Phones, which are no longer capable of use with the TracFone prepaid wireless service constitutes a misappropriation of TracFone's distinguishing and identifying Marks that were created as a result of effort and expense by TracFone over a long period of time.  Defendants' and/or their co-conspirator's use of the Marks evokes an immediate, favorable impression or association and constitutes a false representation that the products and business of Defendants have some connection, association, or affiliation with TracFone, and thus constitutes false designation of origin.

65.    Defendants, in committing the foregoing acts in commerce, have damaged, and will continue to damage, TracFone and the reputation and goodwill of TracFone, and each has unjustly enriched and will continue to unjustly enrich his or herself at the expense of TracFone. TracFone is without an adequate remedy at law to redress such acts, and will be irreparably damaged unless Defendants are enjoined from committing and continuing to commit such acts.

66.     Defendants' aforesaid acts constitute willful infringement of TracFone's federally registered trademarks in violation of 15 U.S.C. § 1114.

## COUNT THREE
### FEDERAL UNFAIR COMPETITION

TracFone reasserts the allegations set forth in paragraphs 1 through 52 above, as though fully set forth herein.

67.     Defendants' conduct, described with more particularity in this Verified Complaint, constitutes unfair competition in violation of 15 U.S.C. § 1125(a).

68.     TracFone has been damaged, or is likely to be damaged, by Defendants' conduct.

## COUNT FOUR
### COMMON LAW UNFAIR COMPETITION

TracFone reasserts the allegations set forth in paragraphs 1 through 52 above, as though fully set forth herein.

69.     Defendants' conduct in purchasing and inducing others to purchase the Phones, disabling or removing, inducing others to disable or remove, and/or assisting others to disable or remove, the TracFone Prepaid Software and replacing it with other software, and reselling and/or assisting others to resell the handsets as new for activation of other wireless networks constitutes unfair competition, under the common law of the State of Florida.

70.     Defendants' conduct in selling, inducing others to sell, and/or assisting others to sell reflashed or unlocked Phones for the purpose of being reflashed or unlocked, which cannot be activated on the TracFone prepaid wireless network constitutes unfair competition under the common law of the State of Florida. Defendants' conduct complained of herein was intentional, malicious, and willful.

71.   TracFone has suffered substantial damages as a result of Defendants' unfair competition.

**COUNT FIVE**
**CONTRIBUTORY TRADEMARK INFRINGEMENT**

TracFone reasserts the allegations set forth in paragraphs 1 through 52 above, as though fully set forth herein.

72.   By misappropriating and using the Marks in connection with the Bulk Resale Scheme, Defendants knowingly aided and enabled distributors and/or sellers of its products to market them to members of the general public in a way that infringes the Marks by placing in the hands of distributors and/or sellers an instrument of consumer deception.

73.   Defendants' unlawful, unauthorized, and unlicensed sale of the reflashed or unlocked TracFone/NET10 Prepaid Phones has thus contributed to the creation of express and implied misrepresentations that the TracFone/NET10 Prepaid Phones, as sold by Defendants, were created, authorized, or approved by TracFone, and may be used with TracFone's prepaid wireless service.

74.   Upon information and belief, Defendants' conduct has led to post-sale confusion by causing consumers who purchase TracFone/NET10 Prepaid Phones altered by Defendants to believe that they are purchasing handsets with software licensed or approved by TracFone.

75.   Defendants' conduct constitutes contributory infringement in violation of the Trademark Act. Defendants' conduct is intentional, malicious and willful.

76.   TracFone has suffered substantial damages as a result of Defendants' contributory infringement.

## COUNT SIX
## COPYRIGHT INFRINGEMENT OF THE PREPAID SOFTWARE

TracFone reasserts the allegations set forth in paragraphs 1 through 52 above, as though fully set forth herein.

77.    TracFone has the exclusive right to reproduce and prepare derivative works of its federally copyrighted TracFone Prepaid Software pursuant to 17 U.S.C. § 106.

78.    Defendants' and/or its co-conspirators' actions in reflashing or otherwise modifying the federally copyrighted TracFone Prepaid Software, without TracFone's authority or consent, creates an unauthorized derivate work of the TracFone Prepaid Software.

79.    Defendants' and/or its co-conspirators' actions in improperly reflashing the federally copyrighted TracFone Prepaid Software, without TracFone's authority or consent, creates an unauthorized reproduction of the TracFone Prepaid Software.

80.    Defendants know or should know their conduct constitutes copyright infringement under Title 17 of the United States Code.

81.    Defendants' actions have damaged and will continue to irreparably injure TracFone unless Defendants' conduct is enjoined by this Court.

## COUNT SEVEN
## CIRCUMVENTION OF TECHNOLOGICAL MEASURES THAT CONTROL ACCESS TO COPYRIGHTED SOFTWARE

TracFone reasserts the allegations set forth in paragraphs 1 through 52 above, as though fully set forth herein.

82.    The TracFone Prepaid Software contains technological measures that in the ordinary course of the measures' operation require the application of information, or a process or

a treatment, with TracFone's authority, to gain access to the proprietary software, as set forth in 17 U.S.C. § 1201.

83.     The TracFone Prepaid Software contains technological measures that effectively control access to the proprietary software.

84.     TracFone did not give Defendants or their co-conspirators authority to reflash, unlock, or otherwise to avoid, bypass, remove, disable, deactivate, or impair the technological measures for effectively controlling access to and operation of the TracFone Prepaid Software.

85.     TracFone did not grant Defendants or their co-conspirators the authority to circumvent the technological measures for effectively controlling access to the TracFone Prepaid Software.

86.     Defendants acted, and/or knowingly engaged in a conspiracy, to avoid, bypass, remove, disable, deactivate, or impair a technological measure for effectively controlling access to the proprietary software without TracFone's authority.

87.     Defendants engaged in this misconduct for the purpose of reselling the altered devices for a profit, and not for the sole purpose of lawfully connecting to a wireless telephone communication network.

88.     Defendants acted to, and/or knowingly engaged in a conspiracy designed to, circumvent a technological measure that effectively controls access to the TracFone Prepaid Software that is protected under title 17 of the United States Code, and thereby violated 17 U.S.C. § 1201.

89.     Defendants' conduct has caused and, unless restrained, will continue to cause TracFone severe, immediate, and irreparable injury and damages for which TracFone has no

adequate remedy at law.   TracFone is entitled to injunctive relief restraining such conduct, an award of damages, including punitive damages, as well as other equitable and legal relief.

**COUNT EIGHT**
**TRAFFICKING IN SERVICES THAT CIRCUMVENT**
**TECHNOLOGICAL MEASURES PROTECTING COPYRIGHTED SOFTWARE**

TracFone reasserts the allegations set forth in paragraphs 1 through 52 above, as though fully set forth herein.

90.     Defendants are, or are knowingly facilitating co-conspirators who are, in possession of certain instrumentalities that avoid, bypass, remove, disable, deactivate, or otherwise impair the technological measures within the TracFone Prepaid Software that effectively control access to the proprietary TracFone Prepaid Software.

91.     Defendants are, or are knowingly facilitating co-conspirators who are, trafficking in the service of circumventing the technological measures that protect the TracFone Prepaid Software from alteration or modification.

92.     Individuals purchasing altered phones from Defendants or their co-conspirators purchase both the TracFone prepaid wireless phone and the service of circumventing the technological measures that protect the TracFone Prepaid Software from alteration or modification provided by Defendants or their co-conspirators.

93.     Accordingly, Defendants are, or are knowingly facilitating co-conspirators who are, trafficking in the service of circumventing TracFone's technological measures that effectively control access to TracFone's Prepaid Software by offering to the public its alteration service for a fee.

94.     The service of altering the TracFone Prepaid Software in TracFone prepaid wireless phones is primarily designed or produced for the purpose of circumventing TracFone's

technological measures that effectively control access to TracFone's Prepaid Software that is protected under title 17 of the United States Code.

95.     Accordingly, Defendants have violated, and continue to violate, Section 1201 of the Copyright Act and, as a result, TracFone has been irreparably injured and will continue to be irreparably injured unless the violating activities of Defendants are enjoined by this Court.

96.     The service of altering the TracFone Prepaid Software has, at most, only a limited commercially significant purpose or use other than circumventing TracFone's technological measures that effectively control access to TracFone's Prepaid Software that is protected under title 17 of the United States Code.

97.     Therefore, Defendants have violated, and continue to violate, Section 1201 of the Copyright Act and, as a result, TracFone has been irreparably injured and will continue to be irreparably injured unless the violating activities of Defendants are enjoined by this Court.

### COUNT NINE
### TORTIOUS INTERFERENCE WITH BUSINESS
### RELATIONSHIPS AND PROSPECTIVE ADVANTAGE

TracFone reasserts the allegations set forth in paragraphs 1 through 52 above, as though fully set forth herein.

98.     A business relationship, and an expectancy of business relationships, exists between TracFone and retailers of TracFone/NET10 Prepaid Phones and prepaid airtime minutes.

99.     A business relationship, and an expectancy of business relationships, exists between TracFone and the purchasers and prospective purchasers of its phones and service.

100.     There is a high probability of future economic benefit to TracFone as a result of these current and prospective business relationships.

101.    Defendants have knowledge of and have intentionally and unjustifiably interfered with, and/or have knowingly facilitated a conspiracy to interfere with, these current and prospective business relationships between TracFone, authorized retailers who sell TracFone products and legitimate TracFone customers.

102.    Specifically, but without limitation, Defendants knew that TracFone had business relationships with retailers of TracFone/NET10 Prepaid Phones to provide said retailers with sufficient quantities of TracFone/NET10 Prepaid Phones for sale to said retailer's legitimate consumers. Defendants' deliberate actions have caused a shortage of available TracFone/NET10 Prepaid Phones, thereby substantially harming TracFone and its relationship with retailers because TracFone is unable to supply retailers with sufficient handsets to satisfy the demands from legitimate consumers.   Moreover, Defendants knew that TracFone had business relationships with legitimate consumers of TracFone/NET10 Prepaid Phones and that TracFone/NET10 Prepaid Phones are designed for the exclusive use by TracFone customers within TracFone's prepaid wireless network. Defendants also knew that TracFone had business relationships with legitimate consumers of TracFone prepaid airtime minutes to ensure the proper function and use of TracFone/NET10 Prepaid Phones.

103.    Defendants are intentionally interfering with these relationships through improper means and in violation of the law.

104.    Defendants interfered with a conscious desire to prevent the relationships from occurring, or Defendants knew that the interference was certain or substantially certain to occur as a result of their conduct.

105.    But for Defendants' conduct, TracFone was reasonably certain to have continued its business and prospective relationships with its retailers and legitimate customers.

106.    TracFone has been proximately damaged and continues to be damaged as a result of Defendants' interference.

**COUNT TEN**
**TORTIOUS INTERFERENCE WITH CONTRACT**

TracFone reasserts the allegations set forth in paragraphs 1 through 52 above, as though fully set forth herein.

107.    The original purchasers of the Phones that were ultimately sold to Defendants entered into a valid, binding contract with TracFone pursuant to the terms set forth on the packaging of the handset.  In accordance with those terms, the original purchasers of the Phones agreed that the Phones would be used in the United States, that the TracFone Prepaid Software would not be hacked or otherwise altered, and that the Phones would be used exclusively with TracFone or NET10 Prepaid Wireless Airtime cards.

108.    Defendants' actions complained of herein were made with full knowledge and awareness of the contractual provisions regarding the use of and tampering with the Phones.

109.    Defendants have engaged in intentional acts designed to induce a breach or disruption of the contractual relationship without legitimate justification.

110.    Plaintiff has suffered damages as a result of Defendants' conduct.

111.    Defendants' conduct constitutes tortuous interference with contract under the common law of the State of Florida.  Defendants' conduct was intentional, malicious, and willful, such that an award of punitive damages is appropriate.

## COUNT ELEVEN
## UNFAIR COMPETITION AND FALSE ADVERTISING

TracFone reasserts the allegations set forth in paragraphs 1 through 52 above, as though fully set forth herein.

112. Defendants' and/or their co-conspirator's conduct in bulk purchasing TracFone/NET10 Prepaid Phones, reflashing, disabling or removing the TracFone Prepaid Software from these Phones, and reselling these reflashed Phones was and is willful and constitutes an unfair method of competition, an unconscionable act or practice, and/or an unfair or deceptive act or practice in violation of § 501.204, Fla. Stat.

113. The TracFone/NET10 Prepaid Phones that Defendants and/or their co-conspirators re-flashed and sold as new are branded with the Marks. Defendants' participation in the sale of altered and counterfeit TracFone/NET10 Prepaid Phones as new products carrying the Marks constitutes an unfair method of competition, an unconscionable act or practice, and/or an unfair or deceptive act or practice in violation of § 501.204, Fla. Stat.

114. TracFone has suffered damage as a direct and proximate result of Defendants' conduct. Pursuant to § 501.211, Fla. Stat., TracFone is entitled to entry of an injunction enjoining Defendants from any further violations of the statute. Section 501.211 further provides that TracFone is entitled to recover its actual damages, plus attorneys' fees and court costs.

## COUNT TWELVE
## HARM TO TRACFONE'S GOODWILL AND BUSINESS REPUTATION

TracFone reasserts the allegations set forth in paragraphs 1 through 52 above, as though fully set forth herein.

115. TracFone is in the business of, and has earned a reputation for, providing its customers with high quality prepaid wireless telephone service.

116.    The TracFone/NET10 Prepaid Phones that Defendants and/or their co-conspirators reflashed and resold as new are branded with TracFone's Marks.

117.    Defendants' conduct has resulted in substantial harm to TracFone as more particularly set forth above.

118.    Defendants' conduct in selling, or knowingly facilitating the sale of, altered TracFone Prepaid Phones units is likely to irreparably injure TracFone's business reputation and dilute the distinctive quality of its Marks, trade names and/or labels in violation of § 495.151, Fla. Stat.

119.    TracFone requests and is entitled to permanent injunctive relief against Defendants pursuant to § 495.151, Fla. Stat.

**COUNT THIRTEEN**
**CIVIL CONSPIRACY**

TracFone reasserts the allegations set forth in paragraphs 1 through 52 above, as though fully set forth herein.

120.    An agreement and conspiracy existed and continues to exist between and among the Defendants and other co-conspirators, to unlawfully bulk purchase, traffic and resell unlawfully reflashed and counterfeit TracFone/NET10 Prepaid Phones under the Marks.

121.    Defendants each knowingly agreed to engage, and did engage, in one or more overt acts in furtherance of the conspiracy as set forth with more particularity in this complaint.

122.    TracFone has been proximately damaged by the conspiracy and Defendants' actions in furtherance of the conspiracy.

## COUNT FOURTEEN
## UNJUST ENRICHMENT

TracFone reasserts the allegations set forth in paragraphs 1 through 52 above, as though fully set forth herein.

123.    By bulk purchasing the TracFone/NET10 Prepaid Phones below the manufacturers' cost of the phones, Defendants obtained benefits from TracFone that have resulted in significant financial benefits to Defendants through their resale of the bulk purchased TracFone/NET10 Prepaid Phones.

124.    Defendants acquired the benefits voluntarily and with full knowledge.

125.    Defendants have retained the benefits under such circumstances that make it unjust and inequitable for Defendants to retain the benefits without paying TracFone the value of the benefits Defendants' acquired.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all triable issues.

WHEREFORE, Plaintiff, TracFone Wireless, Inc., a Florida corporation, respectfully requests that this Court enter final judgment and permanent injunctive relief in favor of TracFone and against Defendants, Shakeel Chothai, individually and d/b/a Chothai Trading, and Planet Cellular, Inc., a California corporation, as follows:

(a)    awarding TracFone its compensatory, consequential, statutory, special, treble, and punitive damages including, without limitation, its lost profits, loss of goodwill and damage to its reputation, as provided by law, together with pre and post judgment interest;

(b)    awarding TracFone its reasonable attorneys' fees and costs of this action,

(c)   awarding TracFone permanent injunctive relief against Defendants enjoining Defendants from engaging in the unlawful practices described in this complaint;

(d)   requiring Defendants, pursuant to the Lanham Act, to deliver their entire inventory of phones bearing or infringing any of the Marks or a confusingly similar copy thereof, to TracFone; and

(e)   granting such further relief as this Court deems just and proper.

Dated:   *Aug. 23, 2007.*

Respectfully submitted,

James B. Baldinger, Trial Counsel
Florida Bar Number 869899
Christopher M. Paolini
Florida Bar Number 669199
CARLTON FIELDS, P.A.
P.O. Box 150
West Palm Beach, FL 33402-0150
Telephone: 561.659.7070
Facsimile:   561.659.7368
Email: jbaldinger@carltonfields.com
          cpaolini@carltonfields.com

Steven J. Brodie
Florida Bar Number 333069
Maria C. Montenegro
Florida Bar Number 996084
CARLTON FIELDS, P.A.
P.O. Box 019101
Miami, FL 33131-9101
Telephone: 305.530.0050
Facsimile:   305.530.0055
Email: sbrodie@carltonfields.com;
          mmontenegro@carltonfields.com

*Attorneys for Plaintiff, TracFone Wireless, Inc.*

# COMPOSITE EXHIBIT "A"

Int. Cls.: 9, 38, and 42

Prior U.S. Cls.: 21, 23, 26, 36, 38, 100, 101, and
104

**Reg. No. 2,114,692**

## United States Patent and Trademark Office

Registered Nov. 18, 1997

**TRADEMARK**
**SERVICE MARK**
**PRINCIPAL REGISTER**

## TRACFONE

TOPP, INC. (FLORIDA CORPORATION)
8280 N.W. 27TH STREET
SUITE 506
MIAMI, FL 33122

FOR: ELECTRONIC COMMUNICATIONS EQUIPMENT, NAMELY, CELLULAR TELEPHONES, PREPAID AIRTIME CELLULAR TELEPHONES AND CELLULAR TELEPHONE ACCESSORIES, NAMELY, PREPAID AIRTIME DEBIT CARDS, BATTERY CHARGERS, STANDS, ANTENNAE, VOICE AMPLIFIERS AND MICROPHONES; COMPUTER PROGRAMS FOR USE IN CONTROLLING AND MONITORING PREPAID AIRTIME CELLULAR TELEPHONE SERVICE, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 6–30–1996; IN COMMERCE 6–30–1996.

FOR: PROVIDING CELLULAR TELEPHONE SERVICES AND PROVIDING MONITORING AND CONTROL SERVICES FOR USE IN CONJUNCTION WITH PREPAID AIRTIME CELLULAR PHONES AND DEBIT CARDS, IN CLASS 38 (U.S. CLS. 100, 101 AND 104).

FIRST USE 6–30–1996; IN COMMERCE 6–30–1996.

FOR: WHOLESALE DISTRIBUTORSHIP FEATURING OF CELLULAR TELEPHONES, PREPAID AIRTIME CELLULAR TELEPHONES AND PREPAID AIRTIME DEBIT CARDS, AND SOFTWARE FOR CONTROLLING AND MONITORING PREPAID AIRTIME CELLULAR SERVICE, IN CLASS 42 (U.S. CLS. 100 AND 101).

FIRST USE 6–30–1996; IN COMMERCE 6–30–1996.

SN 75–074,390, FILED 3–18–1996.

DAVID NICHOLSON, EXAMINING ATTORNEY

Int. Cls.: 9, 35 and 38

Prior U.S. Cls.: 21, 23, 26, 36, 38, 100, 101, 102 and 104

**United States Patent and Trademark Office**

Reg. No. 2,761,017
Registered Sep. 9, 2003

## TRADEMARK
## SERVICE MARK
### PRINCIPAL REGISTER

# TracF☺NE

TRACFONE WIRELESS, INC. (FLORIDA COR-
PORATION)
8390 NW 25TH STREET
MIAMI, FL 33122

FOR: ELECTRONIC COMMUNICATIONS EQUIP-
MENT, NAMELY, CELLULAR TELEPHONES; PRE-
PAID AIR TIME CELLULAR TELEPHONES;
CELLULAR TELEPHONE ACCESSORIES, NAME-
LY, BATTERY CHARGERS, STANDS, ANTENNAE,
HEADSET KITS COMPRISED OF HANDS FREE
ELECTRONIC EARPIECE WITH MICROPHONE
AND HOLSTER, HANDS FREE HEADSETS, CASES
WITH FLAPS, POWER ADAPTERS, BATTERIES,
CARRY SLEEVES, FACE PLATES, BELT CLIPS,
HOLSTERS, MOUNTING ATTACHMENTS, IN
CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 12-0-2000; IN COMMERCE 12-0-2000.

FOR: ON-LINE RETAIL STORE SERVICES FEA-
TURING CELLULAR TELEPHONES, PRE-PAID

WIRELESS AIR TIME CARDS, CELLULAR TELE-
PHONE ACCESSORIES AND WIRELESS SERVICES,
IN CLASS 35 (U.S. CLS. 100, 101 AND 102).

FIRST USE 12-0-2000; IN COMMERCE 12-0-2000.

FOR: PROVIDING CELLULAR TELEPHONE
SERVICES AND PROVIDING MONITORING AND
CONTROL SERVICES FOR USE IN CONJUNCTION
WITH PREPAID AIR TIME CELLULAR PHONES
AND DEBIT CARDS, IN CLASS 38 (U.S. CLS. 100, 101
AND 104).

FIRST USE 12-0-2000; IN COMMERCE 12-0-2000.

OWNER OF U.S. REG. NO. 2,114,692.

SER. NO. 76-396,136, FILED 4-15-2002.

CATHERINE FAINT, EXAMINING ATTORNEY

Int. Cl.: 9

Prior U.S. Cls.: 21, 23, 26, 36 and 38

Reg. No. 3,224,929

## United States Patent and Trademark Office

Registered Apr. 3, 2007

## TRADEMARK
### PRINCIPAL REGISTER



TRACFONE WIRELESS, INC. (FLORIDA CORPORATION)
8390 NW 25 ST
MIAMI, FL 33122

FOR: ELECTRONIC COMMUNICATIONS EQUIPMENT, NAMELY, CELLULAR TELEPHONES; PREPAID AIR TIME CELLULAR TELEPHONES; CELLULAR TELEPHONE ACCESSORIES, NAMELY, BATTERY CHARGERS, STANDS, ANTENNAE, HEADSET KITS COMPRISED OF HANDS FREE ELECTRONIC EARPIECE WITH MICROPHONE AND HOLSTER, HANDS FREE HEADSETS, CASES WITH FLAPS, POWER ADAPTERS, BATTERIES, CARRY SLEEVES, FACE PLATES, BELT CLIPS, HOLSTERS, MOUNTING ATTACHMENTS, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 12-31-2005; IN COMMERCE 12-31-2005.

OWNER OF U.S. REG. NOS. 2,114,692, 2,761,017 AND OTHERS.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "NATIONWIDE PREPAID WIRELESS", APART FROM THE MARK AS SHOWN.

THE MARK CONSISTS OF THE WORDS TRACFONE NATIONWIDE PREPAID WIRELESS WITH THE O IN TRACFONE APPEARING AS A SPIRACLE.

SER. NO. 78-892,025, FILED 5-24-2006.

ARETHA SOMERVILLE, EXAMINING ATTORNEY

Int. Cl.: 35

Prior U.S. Cls.: 100, 101 and 102

## United States Patent and Trademark Office

Reg. No. 3,222,623

Registered Mar. 27, 2007

### SERVICE MARK
### PRINCIPAL REGISTER



TRACFONE WIRELESS, INC. (FLORIDA COR-
PORATION)

8390 NW 25 ST

MIAMI, FL 33122

FOR: DISTRIBUTORSHIP SERVICES FEATUR-
ING CELLULAR TELEPHONES, PREPAID AIR
TIME CELLULAR TELEPHONE AND PREPAID
AIR TIME DEBIT CARDS, AND SOFTWARE FOR
CONTROLLING AND MONITORING PREPAID
AIR TIME CELLULAR SERVICE, IN CLASS 35
(U.S. CLS. 100, 101 AND 102).

FIRST USE 12-31-2005; IN COMMERCE 12-31-2005.

OWNER OF U.S. REG. NOS. 2,114,692, 2,761,017
AND OTHERS.

NO CLAIM IS MADE TO THE EXCLUSIVE
RIGHT TO USE "NATIONWIDE PREPAID WIRE-
LESS", APART FROM THE MARK AS SHOWN.

THE MARK CONSISTS OF THE WORDS TRAC-
FONE NATIONWIDE PREPAID WIRELESS WITH
THE O IN TRACFONE APPEARING AS A SPIRA-
CLE.

SER. NO. 78-892,046, FILED 5-24-2006.

ARETHA SOMERVILLE, EXAMINING ATTORNEY

Int. Cls.: 36 and 38

Prior U.S. Cls.: 100, 101, 102, and 104

## United States Patent and Trademark Office

Reg. No. 3,118,250

Registered July 18, 2006

### SERVICE MARK
### PRINCIPAL REGISTER

# NET 10

TRACFONE WIRELESS, INC. (FLORIDA COR-
PORATION)
8390 NW 25TH STREET
MIAMI, FL 33122

FOR: MONITORING THE USE OF DEBIT CARDS,
IN CLASS 36 (U.S. CLS. 100, 101 AND 102).

FIRST USE 3-1-2005; IN COMMERCE 3-1-2005.

FOR: PROVIDING MONITORING AND CON-
TROL SERVICES FOR USE IN CONJUNCTION
WITH PREPAID AIR TIME CELLULAR AND MO-

BILE PHONES, IN CLASS 38 (U.S. CLS. 100, 101 AND
104).

FIRST USE 3-1-2005; IN COMMERCE 3-1-2005.

THE MARK CONSISTS OF STANDARD CHAR-
ACTERS WITHOUT CLAIM TO ANY PARTICULAR
FONT, STYLE, SIZE, OR COLOR.

SN 78-509,584, FILED 11-2-2004.

HOWARD B. LEVINE, EXAMINING ATTORNEY

Int. Cl.: 38

Prior U.S. Cls.: 100, 101 and 104

## United States Patent and Trademark Office

Reg. No. 3,255,754

Registered June 26, 2007

## SERVICE MARK
## PRINCIPAL REGISTER



TRACFONE WIRELESS, INC. (FLORIDA COR-
PORATION)
8390 NW 25 ST
MIAMI, FL 33122

FOR: CELLULAR TELEPHONE COMMUNICA-
TIONS SERVICES PROVIDED VIA PREPAID AIR
TIME CELLULAR TELEPHONES AND PREPAID
AIR TIME CELLULAR CALLING CARD SERVICES,
IN CLASS 38 (U.S. CLS. 100, 101 AND 104).

FIRST USE 12-31-2005; IN COMMERCE 12-31-2005.

OWNER OF U.S. REG. NO. 3,118,250.

SER. NO. 78-918,078, FILED 6-27-2006.

KAPIL BHANOT, EXAMINING ATTORNEY

Int. Cl.: 9

Prior U.S. Cls.: 21, 23, 26, 36 and 38

**United States Patent and Trademark Office**

Reg. No. 3,253,506
Registered June 19, 2007

## TRADEMARK
### PRINCIPAL REGISTER



TRACFONE WIRELESS, INC. (FLORIDA COR-
PORATION)
8390 NW 25 ST
MIAMI, FL 33122

FOR: ELECTRONIC COMMUNICATIONS EQUIP-
MENT, NAMELY, CELLULAR TELEPHONES; PRE-
PAID AIR TIME CELLULAR TELEPHONES;
CELLULAR TELEPHONE ACCESSORIES, NAME-
LY, TELEPHONE BATTERY CHARGERS, TELE-
PHONE BATTERY CHARGER STANDS,
TELEPHONE ANTENNAE, HEADSET KITS COM-
PRISED OF HANDS FREE ELECTRONIC EAR-
PIECE WITH MICROPHONE AND HOLSTER
SPECIALLY ADAPTED FOR CELLPHONES,
HANDS FREE HEADSETS COMPRISING HEAD-
PHONES AND A MICROPHONE, CASES WITH
FLAPS SPECIALLY ADAPTED FOR CELLPHONES,
POWER ADAPTERS, BATTERIES, CARRY SLEEVES
SPECIALLY ADAPTED FOR CELLPHONES, DEC-

ORATIVE CELLPHONE FACE PLATES, BELT
CLIPS, HOLSTERS, AND MOUNTING ATTACH-
MENTS SPECIALLY ADAPTED FOR CARRYING
CELLPHONES , IN CLASS 9 (U.S. CLS. 21, 23, 26, 36
AND 38).

FIRST USE 12-31-2005; IN COMMERCE 12-31-2005.

OWNER OF U.S. REG. NO. 3,118,250.

THE MARK CONSISTS OF THE WORDS NET10
WITH TWO ALIGNED TRIANGLES EMANATING
FROM THE NUMBER "1", WITH THE WORDS PAY
AS YOU GO MADE SIMPLE UNDERNEATH.

SER. NO. 78-918,088, FILED 6-27-2006.

JESSICA A. POWERS, EXAMINING ATTORNEY

Int. Cl.: 35

Prior U.S. Cls.: 100, 101 and 102

**United States Patent and Trademark Office**

Reg. No. 3,251,389
Registered June 12, 2007

## SERVICE MARK
### PRINCIPAL REGISTER



TRACFONE WIRELESS, INC. (FLORIDA COR-
    PORATION)
8390 NW 25 ST
MIAMI, FL 33122

    FOR: DISTRIBUTORSHIP SERVICES FEATUR-
ING CELLULAR TELEPHONES, PREPAID AIR
TIME CELLULAR TELEPHONES AND PREPAID
AIR TIME DEBIT CARDS, AND SOFTWARE FOR
CONTROLLING AND MONITORING PREPAID

AIR TIME CELLULAR SERVICE, IN CLASS 35
(U.S. CLS. 100, 101 AND 102).

    FIRST USE 12-31-2005; IN COMMERCE 12-31-2005.

    OWNER OF U.S. REG. NO. 3,118,250.

    SER. NO. 78-918,070, FILED 6-27-2006.

    KAPIL BHANOT, EXAMINING ATTORNEY

# EXHIBIT "B"

## Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**Form TX**
For a Non-dramatic Literary Work
UNITED STATES COPYRIGHT OFFICE

**TX 6-515-894**

EFFECTIVE DATE OF REGISTRATION

**9 — 15 — 06**
Month   Day   Year

---

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**1**
TITLE OF THIS WORK ▼
Computer Program for Cellular Handset-Resident Prepaid System

PREVIOUS OR ALTERNATIVE TITLES ▼

PUBLICATION AS A CONTRIBUTION If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared   Title of Collective Work ▼

If published in a periodical or serial give:   Volume ▼   Number ▼   Issue Date ▼   On Pages ▼

**2** **a**
NAME OF AUTHOR ▼
TracFone Wireless, Inc.

DATES OF BIRTH AND DEATH
Year Born ▼   Year Died ▼

Was this contribution to the work a "work made for hire"?
☑ Yes
☐ No

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
OR { Citizen of ▶ USA
{ Domiciled in ▶ USA

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
If the answer to either of these questions is "Yes," see detailed instructions
Anonymous?   ☐ Yes ☑ No
Pseudonymous?   ☐ Yes ☑ No

NATURE OF AUTHORSHIP Briefly describe nature of material created by this author in which copyright is claimed. ▼
Author created portions of computer program

**NOTE**
Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

**b**
NAME OF AUTHOR ▼

DATES OF BIRTH AND DEATH
Year Born ▼   Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
OR { Citizen of ▶
{ Domiciled in ▶

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
If the answer to either of these questions is "Yes," see detailed instructions
Anonymous?   ☐ Yes ☐ No
Pseudonymous?   ☐ Yes ☐ No

NATURE OF AUTHORSHIP Briefly describe nature of material created by this author in which copyright is claimed. ▼
Author created portions of computer program

**c**
NAME OF AUTHOR ▼

DATES OF BIRTH AND DEATH
Year Born ▼   Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
OR { Citizen of ▶
{ Domiciled in ▶

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
If the answer to either of these questions is "Yes," see detailed instructions
Anonymous?   ☐ Yes ☐ No
Pseudonymous?   ☐ Yes ☐ No

NATURE OF AUTHORSHIP Briefly describe nature of material created by this author in which copyright is claimed. ▼

**3** **a**
YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED This information must be given in all cases.
2002   ◀ Year

**b** DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR WORK
Complete this information ONLY if this work has been published.
Month ▶   Day ▶   Year ▶ 2003   USA   ◀ Nation

**4**
COPYRIGHT CLAIMANT(S) Name and address must be given even if the claimant is the same as the author given in space 2 ▼
TracFone Wireless, Inc., 8390 N.W. 25th Street, Miami, FL 33122

See instructions before completing this space.

APPLICATION RECEIVED
DEC 1 8 2006   9-15-06
ONE DEPOSIT RECEIVED   9-15-06
TWO DEPOSITS RECEIVED
FUNDS RECEIVED

DO NOT WRITE HERE OFFICE USE ONLY

TRANSFER If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright ▼

MORE ON BACK ▶
• Complete all applicable spaces (numbers 5-9) on the reverse side of this page
• See detailed instructions   • Sign the form at line 8

DO NOT WRITE HERE
Page 1 of ____ pages

PAR000206

| EXAMINED BY | *signature* | FORM TX |
| CHECKED BY | | |
| CORRESPONDENCE ☑ Yes | | FOR COPYRIGHT OFFICE USE ONLY |

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?
☐ Yes  ☑ No  If your answer is "Yes," why is another registration being sought? (Check appropriate box.) ▼

a. ☐ This is the first published edition of a work previously registered in unpublished form.

b. ☐ This is the first application submitted by this author as copyright claimant.

c. ☐ This is a changed version of the work, as shown by space 6 on this application.

If your answer is "Yes," give: **Previous Registration Number** ▶             **Year of Registration** ▶

**5**

**DERIVATIVE WORK OR COMPILATION**
Preexisting Material Identify any preexisting work or works that this work is based on or incorporates. ▼

Portions of the computer program are previously published.

Material Added to This Work Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

New text of computer program.

**a**
**6**
**b**

See instructions before completing this space

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.
Name ▼                                    Account Number ▼

**a**
**7**

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent.   Name / Address / Apt / City / State / Zip ▼

Lance D. Reich
CARLTON FIELDS, P.A.
1201 West Peachtree Street, Suite 3000, Atlanta, GA 30309

Area code and daytime telephone number ▶ 404.815.3400          Fax number ▶ 404.815.3415

Email ▶  ldreich@carltonfields.com

**b**

**CERTIFICATION*** I, the undersigned, hereby certify that I am the
Check only one ▶
☐ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☑ authorized agent of TracFone Wireless, Inc.
Name of author or other copyright claimant, or owner of exclusive right(s) ▲

of the work identified in this application and that the statements made
by me in this application are correct to the best of my knowledge.

**8**

Typed or printed name and date ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.

Lance D. Reich                                             Date ▶ December 7, 2006

Handwritten signature (X) ▼

X _ *signature* _

**9**

| Certificate will be mailed in window envelope to this address: | Name ▼ CARLTON FIELDS, P.A. |
| | Number/Street/Apt ▼ 1201 West Peachtree Street, Suite 3000 |
| | City/State/Zip ▼ Atlanta, GA 30309 |

*17 U.S.C. § 506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

Form TX - Full   Rev 9/2006   Print: 9/2006 - 30,000   Printed on recycled paper          U.S. Government Printing Office: 1994-338-096/60,127

# COMPOSITE EXHIBIT "C"



IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 05-23279-CIV-Altonaga/Turnoff

------------------------------------------------x

TRACFONE WIRELESS, INC.,
a Florida corporation,

                    Plaintiff,

v.

SOL WIRELESS GROUP, INC.,
a Florida corporation, CARLOS PINO,
an individual, and JORGE ROMERO,
an individual,

                    Defendants.

------------------------------------------------x

**CLOSED**
**CIVIL**
**CASE**

## FINAL JUDGMENT AND PERMANENT INJUNCTION

Plaintiff TracFone Wireless, Inc. ("TracFone"), filed a Complaint on December 21,

2005 asserting that Defendants Sol Wireless Group, Inc., Carlos Pino, and Jorge Romero

(collectively "the Sol Wireless Defendants") are purchasing TracFone prepaid wireless

telephones from retail stores such as Wal-Mart, Target or Sam's Club, hacking into and

erasing or disabling the TracFone proprietary prepaid software that enables consumers to

access TracFone's prepaid wireless service, and then reselling the wireless telephones as new

for use on other wireless carriers' networks/systems. Based on that conduct, the Complaint

asserts claims against the Sol Wireless Defendants for federal trademark infringement and

unfair competition under the Trademark Act of 1946, as amended, 15 U.S.C. § 1051, *et seq.*,

injury to business reputation and dilution of mark under Fla. Stat. § 495.151 *et seq.*, unfair

PAR000220

competition and deceptive trade practices under Fla. Stat. § 501.204 *et seq*., circumvention of technological measures that control access to proprietary software under 17 U.S.C. § 1201 *et seq*., trafficking in services that circumvent technological measures protecting proprietary software under 17 U.S.C. § 1201 *et seq*., tortious interference with business relationships and prospective advantage, and tortious interference with the business relationship between TracFone and Nokia Corporation ("Nokia"). On January 13, 2006, TracFone filed a motion for preliminary injunction and expedited discovery with supporting declarations and exhibits and accompanying memoranda of law. The Sol Wireless Defendants have denied the allegations of TracFone's Complaint. This Court having considered the Complaint, declarations and exhibits, memoranda of law, and further evidence submitted therewith, it is hereby:

**ORDERED, ADJUDGED, and DECREED** that:

1.      This Court has jurisdiction over all the parties and all of the claims for federal trademark infringement and unfair competition under the Trademark Act of 1946, as amended, 15 U.S.C. § 1051, *et seq*., injury to business reputation and dilution of mark under Fla. Stat. § 495.151 *et seq*., unfair competition and deceptive trade practices under Fla. Stat. § 501.204 *et seq*., circumvention of technological measures that control access to proprietary software under 17 U.S.C. § 1201 *et seq*., trafficking in services that circumvent technological measures protecting proprietary software under 17 U.S.C. § 1201 *et seq*., tortious interference with business relationships and prospective advantage, and tortious interference with business relationship between TracFone and Nokia, asserted in the above action.

2

PAR000221

2.     Plaintiff owns all right, title, and interest in and to the trademark TRACFONE.

3.     Defendants and any of their representatives, subsidiaries, related or affiliated entities, agents, servants, and employees, and any and all persons and entities in active concert and participation with them who receive notice of this order by personal service or otherwise, shall be and hereby are permanently enjoined from:

      i.     purchasing or selling any wireless mobile phone bearing the TRACFONE trademark ("TracFone phones");

      ii.    engaging in the alteration or unlocking of any TracFone phones;

      iii.   facilitating or in any way assisting other persons or entities that the Sol Wireless Defendants knew or should have known were engaged in altering or unlocking any TracFone phone;

      iv.   using either the TRACFONE trademark, or any other mark that is likely to cause confusion therewith, without authorization;

      v.    misrepresenting any used products as new or in any way infringing on TracFone's trademarks or misrepresenting that TracFone warrants the used and/or re-conditioned phones.

4.     This Court hereby retains jurisdiction over this matter and the parties to this action in order to punish any violations of the terms of this Final Judgment and Permanent Injunction by a finding of contempt and a payment of damages to TracFone in an amount of not less than $5,000.00 for each wireless phone that the Sol Wireless Defendants are found to have purchased, sold, or unlocked in violation of this injunction.

3

PAR000222

5.     The prevailing party in any proceeding to enforce compliance with the terms of this Final Judgment and Permanent Injunction shall be entitled to an award of its attorneys' fees and costs incurred thereby.

**DONE AND ORDERED** in chambers at Miami, Florida, this _27_ day of _February_ , 2006.

_Cecilia M. Altonaga_

**HON. CECILIA M. ALTONAGA**
**United States District Judge**

4

PAR000223

Case 1:07-cv-22216-PAS   Document 1   Entered on FLSD Docket 08/24/2007   Page 47 of 78
Case 4:07-cv-02206   Document 1-7   Filed 07/06/2007   Page 6 of 36

Case 1:06-cv-20011-CMA   Document 24   Entered on FLSD Docket 03/02/2006   Page 1 of 4



# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

Case No. 06-20011-CIV-ALTONAGA/Turnoff

------------------------------------------------x
NOKIA CORPORATION,                            :
a Finnish corporation,                        :
                                              :
                    *Plaintiff,*              :
                                              :
            v.                                :
                                              :
SOL WIRELESS GROUP, INC.,                     :
a Florida corporation, CARLOS PINO,           :
an individual,  and JORGE ROMERO,             :
an individual,                                :
                                              :
                    *Defendants.*             :
------------------------------------------------x

### FINAL JUDGMENT AND PERMANENT INJUNCTION

Plaintiff Nokia Corporation ("Nokia"), filed a Complaint on January 4, 2006 asserting that Defendants Sol Wireless Group, Inc., Carlos Pino, and Jorge Romero (collectively "the Sol Wireless Defendants") are purchasing NOKIA 1100 and 2600 TracFone prepaid wireless telephones from retail stores such as Wal-Mart, Target or Sam's Club, hacking into and erasing or disabling the TracFone proprietary prepaid software that enables consumers to access TracFone's prepaid wireless service, and then reselling the wireless telephones as new for use on other wireless carriers' networks/systems and, in some cases, re-packaging the phones in packaging bearing the NOKIA trademark that is intended for use solely in the Latin American market.  Based on that conduct, the Complaint asserts claims against the Sol Wireless Defendants for federal trademark infringement and unfair competition under the Trademark Act of 1946, as amended, 15 U.S.C. § 1051, *et seq.*, injury to business reputation and dilution of mark under Fla. Stat. § 495.151 *et seq.*, and unfair competition and deceptive

PAR000224

Case 1:07-cv-22216-PAS   Document 1   Entered on FLSD Docket 08/24/2007   Page 48 of 78
Case 4:07-cv-02206   Document 1-7   Filed 07/06/2007   Page 7 of 36

Case 1:06-cv-20011-CMA   Document 24   Entered on FLSD Docket 03/02/2006   Page 2 of 4

trade practices under Fla. Stat. § 501.204 *et seq.* Together with the filing of the Complaint, on January 4, 2006, Nokia filed a motion for preliminary injunction and expedited discovery with supporting declarations and exhibits and accompanying memoranda of law. The Sol Wireless Defendants have denied the allegations of Nokia's Complaint. The Court having considered the Complaint, declaration and exhibits, memoranda of law, and further evidence submitted therewith, it is hereby:

**ORDERED, ADJUDGED,** and **DECREED** that:

1.     This Court has jurisdiction over all the parties and all of the claims for trademark counterfeiting, trademark infringement, false designation of origin, and trademark dilution under the Trademark Act of 1946, as amended, 15 U.S.C. § 1051, *et seq.*; and the related causes of action under the common law and statutory law of the State of Florida, namely, Fla. Stat. § 495.151 *et seq.*, and Florida's Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.204 *et seq.*, asserted in the above action.

2.     Plaintiff owns all right, title, and interest in and to the trademark NOKIA, including U.S. Trademark Registration Nos. 2,676,153 and No. 1,570,492 for the mark NOKIA, among other registrations.

3.     Defendants and any of their representatives, subsidiaries, related or affiliated entities, agents, servants, and employees, and any and all persons and entities in active concert and participation with them who receive notice of this order by personal service or otherwise, shall be and hereby are permanently enjoined from:

        i.     engaging in the alteration or unlocking of any new wireless mobile phone manufactured by Nokia ("Nokia phone");

2

PAR000225

Case 1:07-cv-22216-PAS   Document 1   Entered on FLSD Docket 08/24/2007   Page 49 of 78
Case 4:07-cv-02206   Document 1-7   Filed 07/06/2007   Page 9 of 36

Case 1:06-cv-20011-CMA   Document 24   Entered on FLSD Docket 03/02/2006   Page 4 of 4

vi.  misrepresenting any used products as new or in any way infringing on Nokia's trademarks or misrepresenting that Nokia warrants the used and/or re-conditioned phones.

4.  This Court hereby retains jurisdiction over this matter and the parties to this action in order to punish any violations of the terms of this Final Judgment and Permanent Injunction by a finding of contempt and a payment of damages to Nokia in an amount of not less than $5,000.00 for each wireless phone that the Sol Wireless Defendants are found to have purchased, sold, or unlocked in violation of this injunction.

5.  The prevailing party in any proceeding to enforce compliance with the terms of this Final Judgment and Permanent Injunction shall be entitled to an award of its attorneys' fees and costs incurred thereby.

**DONE AND ORDERED** in chambers at Miami, Florida, this ____ day of ___March___, 2006.

_Cecilia M. Altonaga_

**HON. CECILIA M. ALTONAGA**
**United States District Judge**

4

PAR000227

Case 1:07-cv-22216-PAS   Document 1   Entered on FLSD Docket 08/24/2007   Page 50 of 78
Case 4:07-cv-02206   Document 1-7   Filed 07/06/2007   Page 10 of 36

Case 1:07-cv-20429-PCH   Document 21   Entered on FLSD Docket 05/08/2007   Page 1 of 6

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.: 07-20429-CIV-HUCK/SIMONTON

TRACFONE WIRELESS, INC., a
Florida corporation,

Plaintiff,

vs.

GREGG ISER, individually and d/b/a L COMM
and LIGHTHOUSE COMMUNICATIONS; and
GAI, INC. d/b/a L COMM and LIGHTHOUSE
COMMUNICATIONS, an Oklahoma corporation,

Defendants.



_____/

## CONSENT FINAL JUDGMENT AND PERMANENT INJUNCTION

THIS MATTER is before the Court upon the parties' Joint Motion for Entry of Consent Final Judgment and Permanent Injunction, filed May 1, 2007 (DE # 20). The Court has reviewed the motion and the record, and is duly advised in the premises.

Plaintiff, TracFone Wireless, Inc. ("TracFone"), 8390 NW 25th St., Miami, FL 33122, brought the above-captioned lawsuit against Defendants, Gregg Iser, individually, 104 E. Huntsville Street, Broken Arrow, OK 74011 and GAI, Inc., a Oklahoma corporation d/b/a L Comm and Lighthouse Communications, 5865 S. Garnett Road, Tulsa, OK 74146-6812 (collectively the "Defendants"), alleging that Defendants are engaged in an unlawful scheme that has caused substantial harm to TracFone and to consumers generally.

TracFone alleges Defendants' scheme (the "Bulk Resale Scheme") involves the unauthorized and unlawful bulk purchase and resale of TracFone prepaid wireless telephones ("TracFone Prepaid Phones" or "Phones"), unauthorized and unlawful computer unlocking of TracFone Prepaid Phones, alteration of TracFone's copyrighted and proprietary software computer code installed in the Phones, and ultimate sale of counterfeited Phones to unsuspecting end users for profit.

Page 1 of 6

PAR000228

Case 1:07-cv-22216-PAS   Document 1   Entered on FLSD Docket 08/24/2007   Page 51 of 78
Case 4:07-cv-02206   Document 1-7   Filed 07/06/2007   Page 11 of 36

Case 1:07-cv-20429-PCH   Document 21   Entered on FLSD Docket 05/08/2007   Page 2 of 6

TracFone alleges Defendants perpetrate the Bulk Resale Scheme by acquiring bulk quantities of TracFone Prepaid Phones from retail stores such as Wal-Mart, Target or Sam's Club, and by soliciting others to purchase TracFone Prepaid Phones in bulk for the benefit of Defendants. TracFone alleges Defendants acquire the TracFone Prepaid Phones with the actual or constructive knowledge and intent that the Phones will not be activated for use on the TracFone prepaid wireless network and that the Phones will be computer-hacked. TracFone alleges the purpose of this hacking, known as "reflashing" or "unlocking," is to erase, remove and/or disable TracFone's copyrighted and proprietary software installed in the Phones, which enables the use of the TracFone Prepaid Phones exclusively on TracFone's prepaid wireless system. TracFone alleges the reflashed Phones are then trafficked and resold, at a premium, as new under TracFone's trademarks for unauthorized use outside of the TracFone prepaid wireless system.

TracFone asserted claims against the Defendants for federal trademark infringement under 15 U.S.C. § 1114; copyright infringement under 17 U.S.C. § 106; circumvention of technological measures that control access to proprietary software and trafficking in services that circumvent technological measures protecting proprietary software under 17 U.S.C. § 1201, *et. seq.* as a violation of the Digital Millennium Copyright Act ("DMCA"), as amended, 15 U.S.C. § 1051, *et. seq.*; federal unfair competition under 15 U.S.C. § 1125; tortious interference with business relationships and prospective advantageous business relationships between TracFone and its manufacturers; unfair competition and false advertising under § 501.204, Fla. Stat.; injury to business reputation and dilution of marks under § 495.151, Fla. Stat.; and fraud; civil conspiracy and unjust enrichment. Defendants deny their liability under the claims asserted by TracFone, but to avoid the uncertainties and cost of protracted litigation, Defendants agree to the entry of this Consent Final Judgment and Permanent Injunction without any admission of liability or wrongdoing with regard to the claims asserted by TracFone in the Complaint.

The Court, having considered the Complaint, Declarations and Exhibits, Memorandum of Law, Answer and Affirmative Defenses, and further evidence submitted therewith by TracFone and Defendants, accordingly hereby:

### ORDERS, ADJUDGES and DECREES that:

1.  This Court has jurisdiction over all the parties and all of the claims set forth in TracFone's Complaint.

Page 2 of 6

PAR000229

Case 1:07-cv-22216-PAS   Document 1   Entered on FLSD Docket 08/24/2007   Page 52 of 78
Case 4:07-cv-02206   Document 1-7   Filed 07/06/2007   Page 12 of 36

Case 1:07-cv-20429-PCH   Document 21   Entered on FLSD Docket 05/08/2007   Page 3 of 6

2.    The Court finds that TracFone owns all right, title, and interest in and to Incontestable United States Trademark Registration No. 2,114,692, issued November 18, 1997, for TracFone and Incontestable United States Trademark Registration No. 2,761,017, issued September 9, 2003, for TracFone (the "TracFone Trademarks"). The TracFone Trademarks are valid, incontestable, distinctive, protectable, famous, have acquired secondary meaning and are associated exclusively with TracFone.

3.    The Court finds that the conduct alleged by TracFone in the Complaint, if proven, would violate the following statutes: federal trademark infringement under 15 U.S.C. § 1114; copyright infringement under 17 U.S.C. § 106; circumvention of technological measures that control access to proprietary software and trafficking in services that circumvent technological measures protecting proprietary software under 17 U.S.C. § 1201, *et. seq.* as a violation of the Digital Millennium Copyright Act ("DMCA"), as amended, 15 U.S.C. § 1051, *et. seq.*; federal unfair competition under 15 U.S.C. § 1125; unfair competition and false advertising under § 501.204, Fla. Stat. The Court further finds that the alleged conduct would constitute tortious interference with TracFone's business relationships and prospective advantageous business relationships between TracFone and its manufacturers, fraud, civil conspiracy, and unjust enrichment.

4.    The Court finds that the alleged conduct in the Bulk Resale Scheme has, independently, caused substantial harm to TracFone and the public interest, and will continue to cause substantial harm to TracFone and the public interest, unless enjoined. Consequently, and because Defendants have consented, TracFone is entitled to injunctive relief on the claims set forth in its Complaint.

5.    On November 27, 2006, the Librarian of Congress, upon the recommendation of the Register of Copyrights, issued a Final Rule setting forth six (6) classes of copyrighted works that are exempt from the provisions of the DMCA, including:

Computer programs in the form of firmware that enable wireless telephone handsets to connect to a wireless telephone communication network, when circumvention is accomplished for the sole purpose of lawfully connecting to a

PAR000230

wireless telephone communication network.

71 Fed. Reg. 68472 (Nov. 27, 2006) (amending 37 C.F.R. § 201.40(b)). The Court finds that this new exemption does not absolve the Defendants of liability for their alleged violations of the DMCA as alleged in Counts III and IV of TracFone's Complaint, because the Defendants' conduct as alleged in this case does not come within the scope of the new exemption. The alleged misconduct and involvement in unlocking TracFone handsets was for the purpose of reselling those handsets for a profit, and not "for the sole purpose of lawfully connecting to a wireless telephone communication network." Because the exemption does not apply to the conduct alleged in this case, there is no need for the Court to address the validity of the exemption or the circumstances surrounding its enactment.

      6.    Final consent judgment is hereby entered against the Defendants, Gregg Iser, individually, and GAI, Inc. d/b/a L Comm and Lighthouse Communications, on all of the claims set forth in TracFone's Complaint.

      7.    Defendants, and each and all of their representatives, agents, assigns, employees, independent contractors, relatives, associates, servants and any and all persons and entities in active concert and participation with them who receive notice of this Order shall be and hereby are PERMANENTLY ENJOINED from:

a.  purchasing, selling, and/or distributing any wireless mobile phone that they know or should know bears any TracFone Trademark, any other trademark owned or used by TracFone, or that at any time contained TracFone's copyrighted and proprietary software ("TracFone Handsets"). Specifically, the Defendants are enjoined from purchasing and/or selling all models of TracFone Handsets currently offered for sale by TracFone, or that may be offered for sale in the future, as listed and updated regularly on TracFone's website that is currently found at *http://tracfone.com/activation_pick_brand.jsp*, including, without limitation, the following cellular phone handsets:

| | |
|---|---|
| Nokia 1100 | Nokia 1221 |
| Nokia 1112 | Nokia 2126 |

PAR000231

Case 1:07-cv-22216-PAS   Document 1   Entered on FLSD Docket 08/24/2007   Page 54 of 78
Case 4:07-cv-02206   Document 1-7   Filed 07/06/2007   Page 14 of 36

Case 1:07-cv-20429-PCH   Document 21   Entered on FLSD Docket 05/08/2007   Page 5 of 6

| | |
|---|---|
| Nokia 2285 | Motorola V60 |
| Nokia 2600 | Motorola 120 |
| Nokia 2610 | Motorola W370 |
| Nokia 3390 | LG 3280 |
| Nokia 5100 | LG 5150 |
| Nokia 252 (Analog) | LG C1300 |
| Nokia 282 (Analog) | LG C1500 |
| Nokia 918 (Analog) | LG CG225 |
| Motorola V170 | Uniden 2000 |
| Motorola V176 | Uniden Minicel |
| Motorola C139 | StarTac |
| Motorola C155 | MicroTac |
| Motorola C261 | Profile |
| Motorola C343 | Lifestyle 500 |

    b.  reflashing and/or unlocking of any TracFone Handset;

        c.  accessing, altering, erasing, tampering with, deleting or otherwise disabling TracFone's proprietary prepaid cellular software contained within any and all models of TracFone Handsets;

        d.  facilitating or in any way assisting other persons or entities who Defendants know or should know are engaged in reflashing and/or unlocking TracFone Handsets and/or hacking, altering, erasing, tampering with, deleting or otherwise disabling the software installed in TracFone Handsets;

        e.  reselling, or participating in or facilitating the resale by others, of TracFone airtime units, airtime cards, or prepaid airtime minutes;

        f.  facilitating or in any way assisting other persons or entities who Defendants know or should know are engaged in any of the acts prohibited under this permanent

PAR000232

Case 1:07-cv-22216-PAS   Document 1   Entered on FLSD Docket 08/24/2007   Page 55 of 78
Case 4:07-cv-02206   Document 1-7   Filed 07/06/2007   Page 15 of 36

Case 1:07-cv-20429-PCH    Document 21    Entered on FLSD Docket 05/08/2007    Page 6 of 6

injunction including, without limitation, the buying and/or selling of unlocked TracFone Handsets;

g.  knowingly using the TracFone Trademarks or any other trademark owned or used by TracFone, or that is likely to cause confusion with TracFone's Trademarks, without TracFone's prior written authorization.

8.    Defendants and TracFone waive their right to appeal from the entry of this Consent Final Judgment and Permanent Injunction.

9.    The Court retains jurisdiction over this matter and the parties to this action in order to punish any violation of the terms of this Permanent Injunction by a finding of contempt and a payment of damages to TracFone Wireless, Inc. in an amount of not less than $5,000 for each TracFone Handset that Defendants are found to have purchased, sold, distributed, altered or unlocked in violation of this injunction.

10.    The prevailing party in any proceeding to enforce compliance with the terms of this Permanent Injunction shall be entitled to an award of its attorneys' fees and costs.

All pending motions are DENIED as moot and the case is CLOSED.

DONE AND ORDERED in Miami, Florida, this 7 day of May, 2007.

The Honorable Paul C. Huck
United States District Judge

Copies furnished to:

James B. Baldinger, *attorney for Plaintiff*
Wayne H. Schwartz, *attorney for Defendants*

Page 6 of 6

PAR000233

Case 1:07-cv-22216-PAS   Document 1   Entered on FLSD Docket 08/24/2007   Page 56 of 78
Case 4:07-cv-02206   Document 1-7   Filed 07/06/2007   Page 16 of 36

Case 1:07-cv-20430-ASG   Document 20   Entered on FLSD Docket 05/02/2007   Page 1 of 8

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.: 07-CIV-20430-GOLD/TURNOFF

TRACFONE WIRELESS, INC., a
Florida corporation,

        Plaintiff,

vs.

MOHAMMED LALANY, individually and MAX
WIRELESS, INC., a Florida corporation,

        Defendants.

_____/

## FINAL JUDGMENT AND PERMANENT INJUNCTION
## AGAINST DEFENDANT MOHAMMED LALANY

Plaintiff, TracFone Wireless, Inc. ("TracFone"), brought the above-captioned lawsuit against Defendants, Mohammed Lalany, individually, and Max Wireless, Inc., a Florida corporation (collectively the "Defendants"), alleging that Defendants are engaged in an unlawful scheme that has caused substantial harm to TracFone and to consumers generally.   Specifically, TracFone alleges Defendants' scheme (the "Bulk Resale Scheme") involves the unauthorized and unlawful bulk purchase and resale of TracFone prepaid wireless telephones ("TracFone Prepaid Phones" or "Phones"), unauthorized and unlawful computer unlocking of TracFone Prepaid Phones, alteration of TracFone's copyrighted and proprietary software computer code installed in the Phones, and ultimate sale of counterfeited Phones to unsuspecting end users for profit.

TracFone alleges Defendants perpetrate the Bulk Resale Scheme by acquiring bulk quantities of TracFone Prepaid Phones from retail stores such as Wal-Mart, Target or Sam's Club, and by soliciting others to purchase TracFone Prepaid Phones in bulk for the benefit of

PAR000234

Case 1:07-cv-22216-PAS   Document 1   Entered on FLSD Docket 08/24/2007   Page 57 of 78
Case 4:07-cv-02206   Document 1-7   Filed 07/06/2007   Page 17 of 36

Case 1:07-cv-20430-ASG   Document 20   Entered on FLSD Docket 05/02/2007   Page 2 of 8

Defendants. TracFone alleges Defendants acquire the TracFone Prepaid Phones with the actual
or constructive knowledge and intent that the Phones will not be activated for use on the
TracFone prepaid wireless network and that the Phones will be computer-hacked. TracFone
alleges the purpose of this hacking, known as "reflashing" or "unlocking," is to erase, remove
and/or disable TracFone's copyrighted and proprietary software installed in the Phones, which
enables the use of the TracFone Prepaid Phones exclusively on TracFone's prepaid wireless
system. TracFone alleges the reflashed Phones are then trafficked and resold, at a premium, as
new under TracFone's trademarks for unauthorized use outside of the TracFone prepaid wireless
system.

TracFone asserted claims against the Defendants for federal trademark infringement
under 15 U.S.C. § 1114; copyright infringement under 17 U.S.C. § 106; circumvention of
technological measures that control access to proprietary software and trafficking in services that
circumvent technological measures protecting proprietary software under 17 U.S.C. § 1201, et.
seq. as a violation of the Digital Millennium Copyright Act ("DMCA"), as amended, 15 U.S.C. §
1051, et. seq.; federal unfair competition under 15 U.S.C. § 1125; tortious interference with
business relationships and prospective advantages business relationships between TracFone and
its manufacturers; unfair competition and false advertising under § 501.204, Fla. Stat.; injury to
business reputation and dilution of marks under § 495.151, Fla. Stat.; fraud; civil conspiracy; and
unjust enrichment. Defendants admit their liability under the claims asserted by TracFone.

Defendant Mohammed Lalany alleges that Defendant Max Wireless, Inc. was not
involved in purchasing any TracFone Prepaid Phones or other brands of prepaid phones.
Defendant Mohammed Lalany further alleges that he has made only one large bulk Phones
purchase of approximately 373 Phones on or about January 22, 2007, and that he made

PAR000235

Case 1:07-cv-22216-PAS Document 1 Entered on FLSD Docket 08/24/2007 Page 58 of 78
Case 4:07-cv-02206 Document 1-7 Filed 07/06/2007 Page 18 of 36

Case 1:07-cv-20430-ASG Document 20 Entered on FLSD Docket 05/02/2007 Page 3 of 8

additional purchases in smaller amounts totaling approximately 407 additional Phones at various times between December 2006 and February 2007, and that he has not knowingly or intentionally engaged in, and has not knowingly or intentionally facilitated and encouraged others to engage in, any Bulk Resale Scheme.

The parties have agreed to settle the dispute with respect to Defendant Lalany and, as partial consideration for such settlement, agreed to the entry of this Final Judgment and Permanent Injunction.

The Court, having considered the Complaint, Declarations and Exhibits, Memorandum of Law, and further evidence submitted therewith by TracFone, accordingly hereby:

**ORDERS, ADJUDGES** and **DECREES** that:

1. This Court has jurisdiction over all the parties and all of the claims set forth in TracFone's Complaint.

2. The Court finds that TracFone owns all right, title, and interest in and to Incontestable United States Trademark Registration No. 2,114,692, issued November 18, 1997, for TracFone and Incontestable United States Trademark Registration No. 2,71,017, issued September 9, 2003, for TracFone (the "TracFone Trademarks"). The TracFone Trademarks are valid, incontestable, distinctive, protectable, famous, have acquired secondary meaning and are associated exclusively with TracFone.

3. The Court finds that the conduct alleged by TracFone in the Complaint, although unknowing and unintentional, constitutes a violation of the following statutes: federal trademark infringement under 15 U.S.C. § 1114; copyright infringement under 17 U.S.C. § 106; circumvention of technological measures that control

PAR000236

Case 1:07-cv-22216-PAS    Document 1    Entered on FLSD Docket 08/24/2007    Page 59 of 78
Case 4:07-cv-02206    Document 1-7    Filed 07/06/2007    Page 19 of 36

Case 1:07-cv-20430-ASG    Document 20    Entered on FLSD Docket 05/02/2007    Page 4 of 8

access to proprietary software and trafficking in services that circumvent technological measures protecting proprietary software under 17 U.S.C. § 1201, *et. seq.* as a violation of the Digital Millennium Copyright Act ("DMCA"), as amended, 15 U.S.C. § 1051, *et. seq.*; federal unfair competition under 15 U.S.C. § 1125; unfair competition and false advertising under § 501.204, Fla. Stat. The Court further finds that Defendant Lalany's conduct, alleged in the Complaint, again although unknowing and unintentional, constitutes tortious interference with TracFone's business relationships and prospective advantages business relationships between TracFone and its manufacturers and unjust enrichment.

4.  The Court finds Defendant Lalany's conduct, independently, in the Bulk Resale Scheme alleged in the Complaint, although unknowing and unintentional, has likely caused substantial harm to TracFone and the public interest, and will likely continue to cause substantial harm to TracFone and the public interest, unless enjoined. Consequently, TracFone is entitled to injunctive relief on the claims alleged in its Complaint.

5.  On November 27, 2006, the Librarian of Congress, upon the recommendation of the Register of Copyrights, issued a Final Rule setting forth six (6) classes of copyrighted works that are exempt from the provisions of the DMCA, including:

Computer programs in the form of firmware that enable wireless telephone handsets to connect to a wireless telephone communication network, when circumvention is accomplished for the sole purpose of lawfully connecting to a wireless telephone communication network.

71 Fed. Reg. 68472 (Nov. 27, 2006) (amending 37 C.F.R. § 201.40(b)). The Court finds that this new exemption does not absolve Defendant Lalany of liability for his alleged violations of the DMCA as alleged in Counts III and IV of TracFone's Complaint, because Defendant Lalany's

PAR000237

Case 1:07-cv-22216-PAS   Document 1   Entered on FLSD Docket 08/24/2007   Page 60 of 78
Case 4:07-cv-02206   Document 1-7   Filed 07/06/2007   Page 20 of 36

Case 1:07-cv-20430-ASG   Document 20   Entered on FLSD Docket 05/02/2007   Page 5 of 8

conduct as alleged in this case, although unknowing and unintentional, does not come within the scope of the new exemption. Defendant Lalany's conduct was for the purpose of reselling those handsets for a profit to others whom TracFone alleges are engaged in unlocking of handsets for use outside TracFone's wireless system, and not "for the sole purpose of lawfully connecting to a wireless telephone communication network." Because the exemption does not apply to the conduct alleged in this case, there is no need for the Court to address the validity of the exemption or the circumstances surrounding its enactment.

6.  Final judgment is hereby entered against Defendant Mohammed Lalany, and in favor of the Plaintiff, TracFone Wireless, Inc., based upon the findings set forth herein.

7.  Defendant Lalany, and each and all of his representatives, agents, assigns, employees, independent contractors, relatives, associates, servants and any and all persons and entities in active concert and participation with him who receive notice of this Order shall be and hereby are PERMANENTLY ENJOINED from:

a.  purchasing and/or selling any wireless mobile phone, except for their own personal use, that they know or should know bears any TracFone Trademark, any other trademark owned or used by TracFone, or any other model of wireless mobile phone sold or marketed by TracFone ("TracFone Handsets"). Specifically, the Defendants are enjoined from purchasing and/or selling all models of TracFone Handsets currently offered for sale by TracFone, or that may be offered for sale in the future, as listed and updated regularly on *http://tracfone.com/activation_pick_brand.jsp*, TracFone's website, including without limitation the following cellular phone handsets:

PAR000238

Case 1:07-cv-22216-PAS   Document 1   Entered on FLSD Docket 08/24/2007   Page 61 of 78
Case 4:07-cv-02206   Document 1-7   Filed 07/06/2007   Page 21 of 36

Case 1:07-cv-20430-ASG   Document 20   Entered on FLSD Docket 05/02/2007   Page 6 of 8

Nokia 1100
Nokia 1112
Nokia 1221
Nokia 2126
Nokia 2285
Nokia 2600
Nokia 2610
Nokia 3390
Nokia 5100
Nokia 252 (Analog)
Nokia 282 (Analog)
Nokia 918 (Analog)
Motorola V170
Motorola V176
Motorola C139
Motorola C155
Motorola C261
Motorola C343
Motorola V60
Motorola 120
Motorola Ballina
LG 3280
LG 5150
LG C1300
LG C1500
LG CG225
Uniden 2000
Uniden Minicel
StarTrac
Radio Shack
MicroTac
Profile
Lifestyle 500

b.   reflashing and/or unlocking of any TracFone Handset;

c.   accessing, altering, erasing, tampering with, deleting or otherwise disabling TracFone's proprietary prepaid cellular software contained within any and all models of TracFone Handsets;

d.   facilitating or in any way assisting other persons or entities who Defendants know or should know are engaged in reflashing and/or unlocking TracFone Handsets

PAR000239

Case 1:07-cv-22216-PAS  Document 1  Entered on FLSD Docket 08/24/2007  Page 62 of 78
Case 4:07-cv-02206  Document 1-7  Filed 07/06/2007  Page 22 of 36

Case 1:07-cv-20430-ASG  Document 20  Entered on FLSD Docket 05/02/2007  Page 7 of 8

and/or hacking, altering, erasing, tampering with, deleting or otherwise disabling the software installed in TracFone Handsets;

e.  reselling, or participating in or facilitating the resale by others, of TracFone airtime units, airtime cards, or prepaid airtime minutes;

f.  facilitating or in any way assisting other persons or entities who Defendants know or should know are engaged in any of the acts prohibited under this permanent injunction including, without limitation, the buying and/or selling of unlocked TracFone Handsets;

g.  knowingly using the TracFone Trademarks or any other trademark owned or used by TracFone, or that is likely to cause confusion with TracFone's Trademarks, without TracFone's prior written authorization.

8.  Defendants and TracFone waive their right to appeal from the entry of this Final Judgment.

9.  The Court retains jurisdiction over this matter and the parties to this action in order to punish any violation of the terms of this Permanent Injunction by a finding of contempt and a payment of damages to TracFone Wireless, Inc. in an amount of not less than $5,000 for each TracFone Handset that Defendants are found to have purchased, sold, or unlocked in violation of this injunction.

10.  The prevailing party in any proceeding to enforce compliance with the terms of this Permanent Injunction shall be entitled to an award of its attorneys' fees and costs.

PAR000240

Case 1:07-cv-22216-PAS   Document 1   Entered on FLSD Docket 08/24/2007   Page 63 of 78
Case 4:07-cv-02206   Document 1-7   Filed 07/06/2007   Page 23 of 36

Case 1:07-cv-20430-ASG   Document 20   Entered on FLSD Docket 05/02/2007   Page 8 of 8

11.   Pursuant to Fed. R. Civ. P. 54(b), the Court finds that there is no just reason to

delay the entry of judgment with respect to the claims against Defendant Lalany,

and directs the entry of judgment in accordance with the terms set forth herein.

DONE AND ORDERED in Miami, Florida, this 27 day of April, 2007.

The Honorable Alan S. Gold
United States District Judge

Copies furnished to:

James B. Baldinger, *attorney for TracFone Wireless, Inc.*
Mohammed Lalany
Rau Maniar, *registered agent for Max Wireless, Inc.*

**CLOSED CIVIL CASE**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 05-61956-Civ- ALTONAGA/Turnoff



TRACFONE WIRELESS, INC.

       Plaintiff,

vs.

PAN OCEAN COMMUNICATIONS, INC.,
SAMAR MUNIR, and SYED M. HUSSAIN

       Defendants.

_____/

## FINAL JUDGMENT AND PERMANENT INJUNCTION

Plaintiff TracFone Wireless, Inc. ("TracFone"), filed a Complaint on December 27, 2005 asserting that Defendants Pan Ocean Communications, Inc., Samar Munir, and Syed M. Hussain (collectively "the Pan Ocean Defendants") are purchasing TracFone prepaid wireless telephones from retail stores such as Wal-Mart, Target or Sam's Club, hacking into and erasing or disabling the TracFone proprietary prepaid software that enables consumers to access TracFone's prepaid wireless service, and then reselling the wireless telephones as new for use on other wireless carriers' networks/systems. Based on that conduct, the Complaint asserts claims against the Pan Ocean Defendants for federal trademark infringement and unfair competition under the Trademark Act of 1946, as amended, 15 U.S.C. § 1051, *et seq.*, injury to business reputation and dilution of mark under Fla. Stat. § 495.151 *et seq.*, unfair competition and deceptive trade practices under Fla. Stat. § 501.204 *et seq.*, circumvention of technological measures that control access to proprietary software under 17 U.S.C. § 1201 *et seq.*, trafficking in services that circumvent technological measures protecting proprietary software under 17 U.S.C. § 1201 *et*

WPB#671843.1

PAR000242

*seq.*, tortious interference with business relationships and prospective advantage, and tortious interference with the business relationship between TracFone and Nokia Corporation ("Nokia"). On January 13, 2006, TracFone filed a Motion for a Preliminary Injunction (Docket No. 10) and a Motion for Expedited Discovery (Docket No. 12) with supporting declarations and exhibits and accompanying memoranda of law. The Pan Ocean Defendants have denied TracFone's allegations. This Court having considered the Complaint, declarations and exhibits, motions, memoranda of law, and further evidence submitted therewith, and the parties' stipulation regarding entry of this order, it is hereby:

## ORDERED, ADJUDGED, and DECREED that:

1.      This Court has jurisdiction over all the parties and all of the claims for federal trademark infringement and unfair competition under the Trademark Act of 1946, as amended, 15 U.S.C. § 1051, *et seq.*, injury to business reputation and dilution of mark under Fla. Stat. § 495.151 *et seq.*, unfair competition and deceptive trade practices under Fla. Stat. § 501.204 *et seq.*, circumvention of technological measures that control access to proprietary software under 17 U.S.C. § 1201 *et seq.*, trafficking in services that circumvent technological measures protecting proprietary software under 17 U.S.C. § 1201 *et seq.*, tortious interference with business relationships and prospective advantage, and tortious interference with business relationship between TracFone and Nokia, asserted in the above action.

2.      Plaintiff owns all right, title, and interest in and to the trademarks TRACFONE and NET10 (the "TRACFONE Trademarks").

3.      The Pan Ocean Defendants understand and acknowledge that TracFone is the owner of the TRACFONE Trademarks, and recognize and acknowledge the validity of the TRACFONE Trademarks and that such TRACFONE Trademarks are distinctive, protectable,

2

PAR000243

famous, has acquired secondary meaning and is associated exclusively with TracFone. The Pan Ocean Defendants shall not challenge or in any way contest the validity or protectability of the TRACFONE Trademarks.

    4.    The Pan Ocean Defendants and any of their representatives, subsidiaries, related or affiliated entities, agents, officers, directors, servants, and employees, and any and all persons and entities in active concert and participation with them who receive notice of this order by personal service or otherwise, shall be and hereby are permanently enjoined from:

        i.    purchasing and/or selling any wireless mobile phone that they know or should know bears the TRACFONE trademark, bears the NET10 trademark, bears any other trademark owned or used by TracFone, or any other model of wireless mobile phone sold or marketed by TracFone ("TracFone phones");

        ii.    engaging in the alteration or unlocking of any TracFone phones;

        iii.    facilitating or in any way assisting other persons or entities that the Pan Ocean Defendants know or should know are engaged in altering or unlocking any TracFone phone;

        iv.    knowingly using the TRACFONE trademark, the NET10 trademark, or any other mark owned or used by TracFone, or that is likely to cause confusion therewith, without authorization;

        v.    knowingly misrepresenting any used products as new or in any way infringing on TracFone's trademarks or knowingly misrepresenting that TracFone warrants the used and/or re-conditioned phones.

3

PAR000244

vi.    This Court hereby retains jurisdiction over this matter and the parties to this action in order to punish any violation of the terms of this Final Judgment and Permanent Injunction, *inter alia*, by a finding of contempt of court.

5.    This Final Judgment and Permanent Injunction on Consent shall be binding on the Pan Ocean Defendants, their successors and assigns.

6.    Each party waives its right to appeal from the entry of this Final Judgment.

7.    The prevailing party in any proceeding to enforce compliance with the terms of this Final Judgment and Permanent Injunction shall be entitled to an award of its attorneys' fees and costs incurred thereby.

**DONE AND ORDERED** in chambers at Miami, Florida, this __7__ day of August , 2006.

**HON. CECILIA M. ALTONAGA**
**United States District Judge**

Copies to:    James B. Baldinger, Counsel for Plaintiff
A. George Gutierrez, Counsel for Defendants

4

PAR000245

**CLOSED**
**CIVIL**
**CASE**

Image reflects quality of original submission

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 06-20012-CIV-ALTONAGA/Turnoff

NOKIA CORPORATION
a Finnish corporation,

        Plaintiff,

vs.

PAN OCEAN COMMUNICATIONS, INC.,
SAMAR MUNIR, and SYED M. HUSSAIN

        Defendants.

_____/

## FINAL JUDGMENT AND PERMANENT INJUNCTION

Plaintiff Nokia Corporation ("Nokia"), filed a Complaint on January 4, 2006 asserting that Defendants Pan Ocean Communications, Inc., Samar Munir, and Syed M. Hussain (collectively "the Pan Ocean Defendants") are purchasing NOKIA 1100 and 2600 TracFone prepaid wireless telephones from retail stores such as Wal-Mart, Target or Sam's Club, hacking into and erasing or disabling the TracFone proprietary prepaid software that enables consumers to access TracFone's prepaid wireless service, and then reselling the wireless telephones as new for use on other wireless carriers' networks/systems and in some cases, packaging the phones in counterfeit packaging bearing the NOKIA trademark. Based on that conduct, the Complaint asserts claims against the Pan Ocean Defendants for federal trademark infringement and unfair competition under the Trademark Act of 1946, as amended, 15 U.S.C. § 1051, *et seq.*, injury to business reputation and dilution of mark under

PAR000246

Fla. Stat. § 495.151 *et seq.*, unfair competition and deceptive trade practices under Fla. Stat.

§ 501.204 *et seq.* Together with the filing of the Complaint, on January 4, 2006, Nokia filed

a motion for preliminary injunction and expedited discovery with supporting declarations and

exhibits and accompanying memoranda of law. The Pan Ocean Defendants have denied the

allegations of Nokia's Complaint,

The Court having considered the Complaint, declaration and exhibits, memoranda of

law, and further evidence submitted therewith, and the parties' stipulation regarding entry of

this order, it is hereby:

### ORDERED, ADJUDGED, and DECREED that:

1.    This Court has jurisdiction over all the parties and all of the claims for

trademark counterfeiting, trademark infringement, false designation of origin, and trademark

dilution under the Trademark Act of 1946, as amended, 15 U.S.C. § 1051, *et seq.*; and the

related causes of action under the common law and statutory law of the State of Florida,

namely, Fla. Stat. § 495.151 *et seq.*, and Florida's Deceptive and Unfair Trade Practices Act,

Fla. Stat. § 501.204 *et seq.*, asserted in the above action.

2.    Plaintiff owns all right, title, and interest in and to the trademark NOKIA,

including U.S. Trademark Registration Nos. 2,676,153 and No. 1,570,492 for the mark

NOKIA, among other registrations which registrations are valid, subsisting and in full force

and effect (the "NOKIA Trademark").

3.    The Pan Ocean Defendants understand and acknowledge that Nokia is the

owner of the NOKIA Trademark, and recognize and acknowledge the validity of the NOKIA

Trademark and that such NOKIA Trademark is distinctive, protectable, famous, has acquired

2

PAR000247

secondary meaning and is associated exclusively with Nokia. The Pan Ocean Defendants shall not challenge or in any way contest the validity or protectability of the NOKIA Trademark.

    4.    The Pan Ocean Defendants and any of their representatives, subsidiaries, related or affiliated entities, agents, servants, officers, directors and employees, and any and all persons and entities in active concert and participation with them who receive notice of this order by personal service or otherwise, shall be and hereby are permanently enjoined from:

    i.    engaging in the alteration or unlocking of any new wireless mobile phone manufactured by Nokia ("Nokia phone").

    ii.    knowingly facilitating or in any way assisting other persons or entities that the Pan Ocean Defendants knew or should know are engaged in altering or unlocking any Nokia wireless phone;

    iii.    using the trademark NOKIA, or any other mark that is likely to cause confusion therewith as proscribed by the Lanham Act, 15 U.S.C. § 1051 et seq. and the case precedent thereunder, without authorization;

    iv.    knowingly misrepresenting the nature or quality of any Nokia products offered, marketed, or sold by the Pan Ocean Defendants (Pan Ocean Defendants may reasonably rely upon the representations by third parties made to them in this regard, so long as reliance is in good faith);

3

PAR000248

v.    selling used and/or reconditioned Nokia mobile phones or facilitating or in any way assisting other persons or entities that the Pan Ocean Defendants knew or should have known were engaged in selling used and/or reconditioned Nokia mobile phones that do not comply with the legal parameters set forth in *Prestonettes, Inc. v. Coty*, 264 U.S. 359 (1924) and its progeny (Pan Ocean Defendants may reasonably rely upon the representations by third parties made to them in this regard, so long as reliance is in good faith);

vi.    knowingly misrepresenting any used products as new or in any way infringing on Nokia's trademarks or misrepresenting that Nokia warrants the used and/or reconditioned phones (Pan Ocean Defendants may reasonably rely upon the representations by third parties made to them in this regard so long as reliance is in good faith) ;

vii.    knowingly dealing in any way with counterfeit Nokia products including, but not limited to counterfeit NOKIA boxes as shown in Exhibit C to the Complaint;

viii.    shall not purchase, distribute or sell NOKIA products that the Pan Ocean Defendants acquired, obtained or purchased outside the United States, nor shall the Pan Ocean Defendants purchase, distribute, or sell gray market NOKIA products that are materially different from authorized NOKIA products meant for sale in the United States. *See Ferrero U.S.A., Inc. v. Ozak Trading, Inc.*, 952 F.2d 44 (2nd Cir. 1991);

4

PAR000249

ix.    shall not purchase, distribute or sell new genuine NOKIA products that are not packaged in their original packaging.

5.    This Final Judgment and Permanent Injunction on Consent shall be binding on the Pan Ocean Defendants, their successors and assigns.

6.    Each party waives its right to appeal from the entry of this Final Judgment.

7.    This Court hereby retains jurisdiction over this matter and the parties to this action in order to punish any violation of the terms of this Final Judgment and Permanent Injunction by a finding of contempt.

8.    The prevailing party in any proceeding to enforce compliance with the terms of this Final Judgment and Permanent Injunction shall be entitled to an award of its attorneys' fees and costs incurred thereby.

**DONE AND ORDERED** in chambers at Miami, Florida, this ___ day of August, 2006.

_Cecilia M. Altonaga_
**HON. CECILIA M. ALTONAGA**
**United States District Judge**

Copies to:    Robert S. Weisbein, Counsel for Plaintiff
A. George Gutierrez, Counsel for Defendants

5

PAR000250

72 of 77

Case 1:07-cv-22216-PAS   Document 1   Entered on FLSD Docket 08/24/2007   Page 73 of 78
Case 4:07-cv-02206   Document 1-7   Filed 07/06/2007   Page 33 of 36

Page 2 of 5

Westlaw.

475 F.Supp.2d 1236                                                                    Page 1

475 F.Supp.2d 1236, 2007 WL 570540 (M.D.Fla.), 20 Fla. L. Weekly Fed. D 506

**(Cite as: 475 F.Supp.2d 1236, 2007 WL 570540 (M.D.Fla.))**

C

United States District Court,
M.D. Florida,
Orlando Division.
TRACFONE WIRELESS, INC., a Florida
corporation, Plaintiff,
v.
Ryan Maurice DIXON, a/k/a Derrick Johnson a/k/a
Derrick Johnzun a/k/a Derrick
Jonzun, individually and d/b/a Piphy Productions
and Give-A-Gift-Basket; Tracy
Nicole Dixon, individually and d/b/a Piphy
Productions and Give-A-Gift-Basket;
and Lost in the 80'S, LLC., a Georgia limited
liability company, Defendants.
No. 6:07-CV-0013-ORL-18-JGG.

Feb. 26, 2007.

**Background:** Prepaid wireless telephone provider
brought action alleging that resellers unlawfully
disabled its copyrighted and proprietary software
installed in phones and resold them as new under
provider's trademarks for unauthorized use outside
of its system. Provider moved for permanent
injunction.

**Holding:** The District Court, G. Kendall Sharp,
J., held that resellers' actions did not fall within
exception to Digital Millennium Copyright Act
(DMCA).
Motion granted.

West Headnotes

**Copyrights and Intellectual Property ☞67.3**
99k67.3 Most Cited Cases
Resellers' actions in disabling prepaid wireless
telephone provider's copyrighted and proprietary
software installed in phones and reselling them as
new for unauthorized use outside of its system did
not fall within exception to Digital Millennium
Copyright Act (DMCA) for computer programs in

form of firmware to enable wireless telephone
handsets to connect to wireless telephone
communication network, where resellers unlocked
provider's handsets for purpose of reselling those
handsets for profit, and not for sole purpose of
lawfully connecting to wireless telephone
communication network. 17 U.S.C.A. § 1201; 37
C.F.R. § 201.40(b).

**Trademarks ☞1800**
382Tk1800 Most Cited Cases
TracFone.
*1236 Christopher Mark Paolini, Carlton Fields,
P.A., Orlando, FL, James Blaker Baldinger,
Carlton Fields, P.A., West Palm Beach, FL, Steven
J. Brodie, Carlton Fields, P.A., Miami, FL, for
Plaintiff.

Ryan Maurice Dixon, Douglasville, GA, Pro se.

Tracy Nicole Dixon, Douglasville, GA, Pro se.

Lost in the 80'S, LLC, Douglasville, GA, Pro se.

*FINAL JUDGMENT AND PERMANENT
INJUNCTION AGAINST DEFENDANTS RYAN
MAURICE DIXON,
TRACY NICOLE DIXON AND LOST IN THE
80'S LLC*

G. KENDALL SHARP, District Judge.

**\*\*1** Plaintiff, TracFone Wireless, Inc.
("TracFone"), brought the above-captioned lawsuit
against Defendants, Ryan Maurice Dixon a/k/a
Derrick Johnson a/k/a Derrick Johnzun a/k/a
Derrick Jonzun. individually and d/b/a PIPHY
Productions and Give-A-Gift-Basket; Tracy Nicole
Dixon, individually and d/b/a PIPHY Productions
and Give-A-Gift-Basket; and Lost in the 80's, LLC,
a Georgia limited liability company (collectively the
"Defendants"), alleging that Defendants are
engaged in two unlawful schemes that have caused

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:07-cv-22216-PAS Document 1 Entered on FLSD Docket 08/24/2007 Page 74 of 78
Case 4:07-cv-02206 Document 1-7 Filed 07/06/2007 Page 34 of 36

Page 3 of 5

475 F.Supp.2d 1236                                                                    Page 2

475 F.Supp.2d 1236, 2007 WL 570540 (M.D.Fla.), 20 Fla. L. Weekly Fed. D 506

**(Cite as: 475 F.Supp.2d 1236, 2007 WL 570540 (M.D.Fla.))**

substantial harm to TracFone and to consumers generally.

*1237 TracFone alleges Defendants' first scheme (the "Bulk Resale Scheme") involves the unauthorized and unlawful bulk purchase and resale of TracFone prepaid wireless telephones ("TracFone Prepaid Phones" or "Phones"), unauthorized and unlawful computer unlocking of TracFone Prepaid Phones, alteration of TracFone's copyrighted and proprietary software computer code installed in the Phones, and ultimate sale of counterfeited Phones to unsuspecting end users for profit.

TracFone alleges Defendants perpetrate the Bulk Resale Scheme by acquiring bulk quantities of TracFone Prepaid Phones from retail stores such as Wal-Mart, Target or Sam's Club, and by soliciting others to purchase TracFone Prepaid Phones in bulk for the benefit of Defendants. TracFone alleges Defendants acquire the TracFone Prepaid Phones with the actual or constructive knowledge and intent that the Phones will not be activated for use on the TracFone prepaid wireless network and that the Phones will be computer-hacked. TracFone alleges the purpose of this hacking, known as "reflashing" or "unlocking," is to erase, remove and/or disable TracFone's copyrighted and proprietary software installed in the Phones, which enables the use of the TracFone Prepaid Phones exclusively on TracFone's prepaid wireless system. TracFone alleges the reflashed Phones are then trafficked and resold, at a premium, as new under TracFone's trademarks for unauthorized use outside of the TracFone prepaid wireless system.

TracFone alleges Defendants' other scheme (the "Fraudulent Airtime Scheme"), provides Defendants with another mechanism for unlawfully profiting from their bulk acquisition of TracFone Prepaid Phones by exploiting TracFone's "Refer-A-Friend" promotion (the "Promotion"). TracFone alleges Defendants recruit customers for their Fraudulent Airtime Scheme via their websites, *www. tracfoneusa.com* and *www.lostinthe80s/active_tracfones.htm*, which contain unauthorized reproductions of the TracFone

trademarks and logo, and deceives consumers into believing the scheme is legitimate and authorized by TracFone. TracFone alleges Defendants fraudulently obtain free airtime from TracFone through the Promotion then sell the airtime to unsuspecting third parties for a profit.

TracFone asserted claims against the Defendants for federal trademark infringement under 15 U.S.C. § 1114; copyright infringement under 17 U.S.C. § 106; circumvention of technological measures that control access to proprietary software and trafficking in services that circumvent technological measures protecting proprietary software under 17 U.S.C. § 1201, *et. seq.* as a violation of the Digital Millennium Copyright Act ("DMCA"), as amended, 15 U.S.C. § 1051, *et. seq.;* trademark violation for domain name misuse; federal unfair competition under 15 U.S.C. § 1125; tortious interference with business relationships and prospective advantages business relationships between TracFone and its manufacturers; unfair competition and false advertising under § 501.204, Fla. Stat.; injury to business reputation and dilution of marks under § 495.151, Fla. Stat.; fraud; civil conspiracy; and unjust enrichment. Defendants admit their liability under the claims asserted by TracFone. The Court, having considered the Complaint, Declarations and Exhibits, Memorandum of Law, and further evidence submitted therewith by TracFone and Defendants, accordingly hereby:

**2 ORDERS, ADJUDGES and DECREES that:

1. This Court has jurisdiction over all the parties and all of the claims set forth in TracFone's Complaint.

*1238 2. The Court finds that TracFone owns all right, title, and interest in and to Incontestable United States Trademark Registration No. 2,114,692, issued November 18, 1997, for TracFone and Incontestable United States Trademark Registration No. 2,71,017, issued September 9, 2003, for TracFone (the "TracFone Trademarks"). The TracFone Trademarks are valid, incontestable, distinctive, protectable, famous, have acquired secondary meaning and are associated

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:07-cv-22216-PAS   Document 1   Entered on FLSD Docket 08/24/2007   Page 75 of 78
Case 4:07-cv-02206   Document 1-7   Filed 07/06/2007   Page 35 of 36

Page 4 of 5

475 F.Supp.2d 1236                                                                                    Page 3

475 F.Supp.2d 1236, 2007 WL 570540 (M.D.Fla.), 20 Fla. L. Weekly Fed. D 506

**(Cite as: 475 F.Supp.2d 1236, 2007 WL 570540 (M.D.Fla.))**

exclusively with TracFone.

3. TracFone owns all right, title and interest to the domain name *www. tracfone.com.*

4. The Court finds that the conduct, although unintentional, alleged by TracFone in the Complaint violates the following statutes: federal trademark infringement under 15 U.S.C. § 1114; copyright infringement under 17 U.S.C. § 106; circumvention of technological measures that control access to proprietary software and trafficking in services that circumvent technological measures protecting proprietary software under 17 U.S.C. § 1201, *et. seq.* as a violation of the Digital Millennium Copyright Act ("DMCA"), as amended, 15 U.S.C. § 1051, *et. seq.;* trademark violation for domain name misuse; federal unfair competition under 15 U.S.C. § 1125; unfair competition and false advertising under § 501.204, Fla. Stat. The Court further finds that Defendants' conduct, alleged in the Complaint, constitutes tortious interference with TracFone's business relationships and prospective advantages business relationships between TracFone and its manufacturers, fraud, civil conspiracy, and unjust enrichment.

5. The Court finds Defendants' conduct, independently, in both the Bulk Resale Scheme and the Fraudulent Airtime Scheme, has caused substantial harm to TracFone and the public interest, and will continue to cause substantial harm to TracFone and the public interest. unless enjoined. Consequently, TracFone is entitled to injunctive relief on the claims set forth in its Complaint.

6. On November 27, 2006, the Librarian of Congress, upon the recommendation of the Register of Copyrights, issued a Final Rule setting forth six (6) classes of copyrighted works that are exempt from the provisions of the DMCA, including:
  Computer programs in the form of firmware that enable wireless telephone handsets to connect to a wireless telephone communication network, when circumvention is accomplished for the sole purpose of lawfully connecting to a wireless telephone communication network.
71 Fed.Reg. 68472 (Nov. 27.2006) (amending 37

C.F.R. § 201.40(b)). The Court finds that this new exemption does not absolve the Defendants of liability for their violations of the DMCA as alleged in Counts IE and IV of TracFone's Complaint, because the Defendants' conduct as alleged in this case does not come within the scope of the new exemption. The Defendants' misconduct and involvement in unlocking TracFone handsets was for the purpose of reselling those handsets for a profit, and not "for the sole purpose of lawfully connecting to a wireless telephone communication network." Because the exemption does not apply to the conduct alleged in this case, there is no need for the Court to address the validity of the exemption or the circumstances surrounding its enactment.

**\*\*3** 7. Final judgment is hereby entered against the Defendants, Ryan Maurice Dixon, Tracy Nicole Dixon, and Lost in the 80's, LLC, and in favor of the Plaintiff, TracFone Wireless, Inc., on all of the claims set forth in TracFone's Complaint.

8. Defendants, and each and all of their representatives, agents, assigns, employees, **\*1239** independent contractors, relatives, associates, servants and any and all persons and entities in active concert and participation with them who receive notice of this Order shall be and hereby are PERMANENTLY ENJOINED from:
  a. purchasing and/or selling, except for their own personal use. any wireless mobile phone that they know or should know bears any TracFone Trademark, any other trademark owned or used by TracFone, or any other model of wireless mobile phone sold or marketed by TracFone ("TracFone Handsets"). Specifically, the Defendants are enjoined from purchasing and/or selling all models of TracFone Handsets currently offered for sale by TracFone, or that may be offered for sale in the future, as listed and updated regularly on *http:// tracfone.com/activation_pick_brand.jsp.*
  TracFone's website, including without limitation the following cellular phone handsets:
  Nokia 1100
  Nokia 1112
  Nokia 1221
  Nokia 2126

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:07-cv-22216-PAS    Document 1    Entered on FLSD Docket 08/24/2007    Page 76 of 78
Case 4:07-cv-02206    Document 1-7    Filed 07/06/2007    Page 36 of 36

Page 5 of 5

475 F.Supp.2d 1236                                                                    Page 4

475 F.Supp.2d 1236, 2007 WL 570540 (M.D.Fla.), 20 Fla. L. Weekly Fed. D 506

**(Cite as: 475 F.Supp.2d 1236, 2007 WL 570540 (M.D.Fla.))**

Nokia 2285
Nokia 2600
Nokia 2610
Nokia 3390
Nokia 5100
Nokia 252 (Analog)
Nokia 282 (Analog)
Nokia 918 (Analog)
Motorola V170
Motorola V176
Motorola C139
Motorola C155
Motorola C261
Motorola C343
Motorola V60
Motorola 120
Motorola Ballina
LG 3280
LG 5150
LG C1300
LG C1500
LG CG225
Uniden 2000
Uniden Minicel
StarTrac
Radio Shack
MicroTac
Profile
Lifestyle 500

b. reflashing and/or unlocking of any TracFone Handset;

c. accessing, altering, erasing, tampering with, deleting or otherwise disabling TracFone's proprietary prepaid cellular software contained within any and all models of TracFone Handsets;

d. facilitating or in any way assisting other persons or entities who Defendants know or should know are engaged in reflashing and/or unlocking TracFone Handsets and/or hacking, altering, erasing, tampering with, deleting or otherwise disabling the software installed in TracFone Handsets;

e. reselling, or participating in or facilitating the resale by others, of TracFone airtime units, airtime cards, or prepaid airtime minutes;

f. facilitating or in any way assisting other persons or entities who Defendants know or should know are engaged in any of the acts

prohibited under this permanent injunction including, without limitation, the buying and/or selling of unlocked TracFone Handsets;

g. using or operating websites with a domain names *www.tracfoneusa.com* **1240** or which uses "*tracfones* " or "*tracfone* "; and

h. knowingly using the TracFone Trademarks or any other trademark owned or used by TracFone, or that is likely to cause confusion with TracFone's Trademarks, without TracFone's prior written authorization.

**4 9. Defendants and TracFone waive their right to appeal from the entry of this Final Judgment.

10. The Court retains jurisdiction over this matter and the parties to this action in order to punish any violation of the terms of this Permanent Injunction by a finding of contempt and a payment of damages to TracFone Wireless. Inc. in an amount of not less than $5,000 for each TracFone Handset that Defendants are found to have purchased, sold, or unlocked in violation of this injunction.

11. The prevailing party in any proceeding to enforce compliance with the terms of this Permanent Injunction shall be entitled to an award of its attorneys' fees and costs.

475 F.Supp.2d 1236, 2007 WL 570540 (M.D.Fla.), 20 Fla. L. Weekly Fed. D 506

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.

## I. (a) PLAINTIFFS
TRACFONE WIRELESS, INC., a Florida corporation

**DEFENDANTS**
SHAKEEL CHOTAI, INDIVIDUALLY AND D/B/A CHOTAI TRADING; PLANET CELLULAR, INC., A CALIFORNIA CORPORATION; JOHN DOES 1 – 50; AND XYZ COMPANIES 1-50

**(b)** County of Residence of First Listed Plaintiff **Miami-Dade**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _____
(EXCEPT IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED

**(c)** Attorneys (Firm Name, Address and Telephone Number)
JAMES B. BALDINGER, ESQ.
CARLTON FIELDS, P.A.
P.O. BOX 150
WEST PALM BEACH, FL 33402-0150
TEL: (561) 659-7070

STEVEN J. BRODIE, ESQ.
MARIA MONTENEGRO, ESQ.
CARLTON FIELDS, P.A.
4000 BANK OF AMERICA TOWER
100 SOUTHEAST SECOND STREET
MIAMI, FLORIDA 33131
TEL: (305) 530-0050

Attorneys (If Known)

**(d)** Check County Where Action Arose: ☒ MIAMI-DADE ☐ MONROE ☐ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE HIGHLANDS

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

*handwritten: Dade 107-22216-cv-sertz/ Mc Aliley*

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in one box for plaintiff And One Box For Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of this State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated or Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☒ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☒ 190 Other Contract | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/ DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS - Third Party 28 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN x IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (See VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. RELATED/RE-FILED CASE(S)
(See instructions second page):

a) Re-filed Case ☐ Yes ☒ No     b) Related Cases ☐ Yes ☒ No

JUDGE _____     DOCKET NUMBER _____

## VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):
Diversity 28 U.S.C. § 1332

LENGTH OF TRIAL via **10** days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P. 23
DEMAND $ Over $75,000.00    CHECK YES only if demanded in complaint:
CHECK YES only if demanded in complaint:
JURY DEMAND ☒ YES ☐ NO

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD    *signature*    DATE

FOR OFFICE USE ONLY:

AMOUNT _____    RECEIPT # _____    IFP _____

M1A#2636958.1

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

**I. (a) PLAINTIFFS**
TRACFONE WIRELESS, INC., a Florida corporation

**DEFENDANTS**
SHAKEEL CHOTAI, INDIVIDUALLY AND D/B/A CHOTAI TRADING; PLANET CELLULAR, INC., A CALIFORNIA CORPORATION; JOHN DOES 1 – 50; AND XYZ COMPANIES 1-50

**(b)** County of Residence of First Listed Plaintiff **Miami-Dade**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _____
(EXCEPT IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED

**(c)** Attorneys (Firm Name, Address, and Telephone Number)
JAMES B. BALDINGER, ESQ.
CARLTON FIELDS, P.A.
P.O. BOX 150
WEST PALM BEACH, FL 33402-0150
TEL: (561) 659-7070

STEVEN J. BRODIE, ESQ.
MARIA MONTENEGRO, ESQ.
CARLTON FIELDS, P.A.
4000 BANK OF AMERICA TOWER
100 SOUTHEAST SECOND STREET
MIAMI, FLORIDA 33131
TEL: (305) 530-0050

Attorneys (If Known)

**(d)** Check County Where Action Arose: ☒ MIAMI-DADE ☐ MONROE ☐ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 4 Diversity (Indicate Citizenship of Parties in Item III

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in one box for plaintiff and One Box For Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of this State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

Dade 107-22216-cv-sertz McAliey

**IV. NATURE OF SUIT** (PLACE AN x IN ONE BOX ONLY)

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☒ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS**
**PERSONAL INJURY**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury

**PERSONAL INJURY**
☐ 362 Personal Injury - Med Malpractice
☐ 365 Personal Injury - Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/ Accommodations
☐ 444 Welfare
☐ 445 Amer. w/Disabilities - Employment
☐ 446 Amer. w/Disabilities - Other
☐ 440 Other Civil Rights

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence
Habeas Corpus:
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**FORFEITURE/PENALTY**
☐ 610 Agriculture
☐ 620 Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☒ 840 Trademark

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/ DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS - Third Party 28 USC 7609

**OTHER STATUTES**
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 890 Other Statutory Actions
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Information Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes

**V. ORIGIN** (PLACE AN x IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (See VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. RELATED/RE-FILED CASE(S)**
(See instructions second page)
a) Re-filed Case ☐ Yes ☒ No    b) Related Cases ☐ Yes ☒ No
JUDGE _____    DOCKET NUMBER _____

**VII. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):
Diversity 28 U.S.C. § 1332
LENGTH OF TRIAL via **10** days estimated (for both sides to try entire case)

**VIII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ Over $75,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND ☒ YES ☐ NO

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD    DATE

FOR OFFICE USE ONLY:
AMOUNT $350.00    RECEIPT # 965409    IFP _____
08/24/07

MIA#2636058.1